**UNITED STATES of America ex rel. David BARBER, Appellant,**

**v.**

**COMMONWEALTH OF PENNSYLVA-NIA, Edward J. Hendrick, Supt. of Prison.**

**No. 18517.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs June 22, 1970.

Decided July 27, 1970.

David Barber, pro se.

James D. Crawford, Deputy Dist. Atty., Chief, Appeals Division, Philadelphia, Pa., (Mark Sendrow, Asst. Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before WINTER,* ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Before us is an appeal from summary judgment in favor of the defendants on the ground that the complaint failed to state a cause of action upon which relief could be granted.

A generous reading of appellant's *pro se* complaint would qualify it either as a petition for habeas corpus under 28 U.S.C. § 2241, or a request for declaratory relief under the Civil Rights Act, 42 U.S.C. § 1983. The gravamen of the complaint is that appellant has not received a speedy trial in the state courts as guaranteed by the Sixth and Fourteenth Amendments to the Federal Constitution. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). He has been under indictment since February, 1968, for a series of felonies ranging from conspiracy to murder.

■■ Viewed as a claim for habeas corpus relief, appellant's claim must be rejected for his failure to exhaust state remedies. United States ex rel. Fletcher v. Maroney, 413 F.2d 15 (3 Cir. 1969). It does not become necessary to examine the possible validity of the claim for declaratory relief under the Civil Rights Act [1]—in advance of any state adjudication on the indictments—since we are advised that appellant, through his present counsel, Louis Lipschitz, Esq., of Philadelphia, has successfully moved to delay the start of the state trial. On July 10, 1970, over the vigorous opposition of the district attorney, appellant successfully moved for a postponement of his trial until August 6.

This court has previously observed in Murray v. Commonwealth of Pennsylvania, 408 F.2d 498, 499 (1969):

Assuming that such allegations are of constitutional dimension, we have concluded that any delay in trial was precipitated by the appellant's own requests for continuances which were presented at various times by his counsel.

We reach the same conclusion here.

■ We note in passing, however, that there are additional problems posed in treating this action as a civil rights complaint since one of the named defendants is the state of Pennsylvania, a party which may not be held to respond as a defendant in such an action. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3 Cir. 1969). It is also open to question whether the other named defendant, the state prison warden, is a proper defendant in a civil rights action where the allegations of constitutional infringements are matters over which the warden has no control. As we have observed already, we do not reach these questions.

■■ We are constrained to comment on the summary judgment procedure followed by the district court. In its Memorandum Opinion the court reported that it relied, in part, on two letters—affixed to the opinion—from state court judges responding to the court's request for information as to certain relevant circumstances of the issues before it. While we do not criticize such commendable ef-

---

* Circuit Judge of the Court of Appeals for the Fourth Circuit, sitting by designation.

1. See Note, The Federal Anti-Injunction Statute and Declaratory Judgments in Constitutional Litigation, 83 Harv.L.Rev. 1870 (1970).

forts to bring before the court a maximum of authoritative information, such data must not ordinarily be received in camera, without disclosure to the parties prior to decision, and without affording an opportunity to make appropriate response by answering affidavit or otherwise. The matters to be considered by the district court in a summary judgment proceeding are limited to those authorized by Fed.Civ.Pro. Rule 56.

The judgment of the district court will be affirmed.