THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY E. BEERLI, Defendant-Appellant.

Fourth District   No. 13399

Opinion filed December 16, 1976.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

Elmer H. Flesner, State's Attorney, of Paxton (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of rape, aggravated kidnaping and deviate sexual assault (two counts) by jury trial. The following concurrent sentences were imposed: Rape—6 to 20 years; aggravated kidnaping—5 to 15 years; deviate sexual assault—4 to 12 years on each of the two counts.

Upon appeal defendant contends that the State failed to bring him to trial within 120 days, that the evidence failed to prove a material element of one of the counts of deviate sexual assault, and that he was erroneously convicted of multiple offenses arising out of the same conduct.

Defendant was arrested on August 7, 1974, and subsequently indicted on August 8, 1974, in Champaign County on the charges of aggravated kidnaping, rape and deviate sexual assault. On October 4, 1974, pursuant to defendant's motion for a fitness hearing, the Champaign County circuit court appointed two psychiatrists to examine defendant and submit reports of their findings. The reports by the psychiatrists appointed were filed on November 19 and 20 respectively.

On December 19, 1974, the date set for the hearing on fitness, defendant withdrew his .motion for such hearing. On the same date defendant filed a motion to dismiss, alleging that Champaign County was the improper place of trial. This record shows that the charges of kidnaping originated in acts done in Champaign County while the matters of rape and deviate sexual assault occurred in Ford County.

On February 26, 1975, defendant was indicted in Ford County on the charges of aggravated kidnaping, rape and deviate sexual assault. The charges arose from the same acts as alleged in the Champaign County indictment. Subsequently, on February 28, pursuant to the State's motion, the Champaign County indictment was dismissed and nolle prossed.

On March 5, 1975, defendant filed a motion for discharge alleging, in

part, the failure of the State to bring him to trial within 120 days. At the hearing on the motion, the court, after finding that a delay had been occasioned by defendant, denied the motion.

On appeal, defendant contends that his motion for a fitness hearing filed in Champaign County had no delaying effect on the prosecution of his case in Ford County. Defendant argues that the 120-day period began to run on the date defendant was incarcerated on August 7, 1974, and that the Ford County State's Attorney was aware of the potential charges against defendant on such date.

■■ ■ In order for an arrest and incarceration to set in motion the statutory 120-day limitation, the arrest must be in connection with the charge for which defendant was subsequently prosecuted. (*People v. Jones* (1965), 33 Ill. 2d 357, 360, 211 N.E.2d 261, 263, *cert. denied*, 385 U.S. 854, 17 L. Ed. 2d 81, 87 S. Ct. 99.) Reindictment for the same offense does not toll the statute. *People v. Lee* (1969), 44 Ill. 2d 161, 166, 254 N.E.2d 469, 472.

The Supreme Court in *Lee* stated, "Logic and fairness require that dismissal of the first indictment not operate to erase for purposes of the statute the delays caused by the defendant under that indictment." (44 Ill. 2d 161, 166, 254 N.E.2d 469, 472.) *Cf. People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230.

A request for a competency examination and hearing by defendant is a delay chargeable to him and will toll the 120-day statute. *People v. Siglar* (1971), 49 Ill. 2d 491, 496, 274 N.E.2d 65, 68.

■■ Here the delay charged to defendant tolled the running of the statutory period which then began anew from the date to which defendant caused the delay (December 19, 1974). The dismissal of the Champaign County indictment and the reindictment in Ford County did not erase the delay caused by defendant's motion for a fitness hearing. The motion for discharge was properly denied.

■■ Defendant next contends that he was not guilty of one of the two charges of deviate sexual assault because the evidence failed to show penetration of the victim's anus with defendant's penis. The victim did testify that the defendant pressed his penis against her anus. She stated that defendant attempted "about four times" to have anal intercourse with her, but defendant was unable to achieve penetration. The statute requires proof of an act of sexual gratification involving the sex organs of one person and the anus of another. (Ill. Rev. Stat. 1973, ch. 38, par. 11—2.) Penetration is not an element of deviate sexual assault. (*People v. Anderson* (1974), 20 Ill. App. 3d 840, 314 N.E.2d 651; *People v. Oliver* (1976), 38 Ill. App. 3d 166, 347 N.E.2d 865, 868.) We, therefore, conclude that the conviction of both counts of deviate sexual assault must stand.

■■ Defendant contends that the convictions and sentences for

aggravated kidnaping and rape cannot stand for the reason that the kidnaping was a part of the same transaction and was not independently motivated.

The victim, who had listed herself as available for work as a typist, went to the home of defendant in response to a telephone call concerning her employment. After entering defendant's home and some general conversation the victim was told by defendant, who brandished a knife, to release her car keys to defendant. They both entered the victim's car and defendant, with the victim as a passenger, then drove around the Rantoul area for about 1½ hours. After stopping at a wooded area near a creek, defendant forced the victim to undress, gagged her with two knotted handkerchiefs and proceeded to commit the offenses of which he was convicted. Subsequently, they drove back to Rantoul and defendant left the victim and her car.

In *People v. Meredith* (1976), 37 Ill. App. 3d 895, 347 N.E.2d 55, this court held that upon defendant's convictions of aggravated kidnaping and rape the conviction of aggravated kidnaping must be reversed for the reason that defendant's motivation and purpose in such kidnaping was to commit sexual offenses. That opinion relied upon language found in *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, concerning convictions for murder and armed robbery and a change of purpose or motivation.

The writer, as stated in a dissent in *Meredith*, would hold that the conviction and sentence for aggravated kidnaping should be affirmed for the reason that in *People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133, the Supreme Court expressly rejected a contention that an aggravated kidnaping was merely incidental to the rape committed. In *People v. Jones* (1972), 6 Ill. App. 3d 669, 286 N.E.2d 87, the appellate court held that aggravated kidnaping and rape were separate and distinct offenses requiring different elements of proof and each conviction was affirmed. While it did not have occasion to directly discuss the issue now considered, the Supreme Court affirmed (*People v. Jones* (1975), 60 Ill. 2d 300, 325 N.E.2d 601), in an opinion filed subsequent to *People v. Williams*.

The majority of the court, however, would hold that the conviction and sentence for aggravated kidnaping should be reversed upon the authority of *Meredith*.

The defendant's convictions and sentences for rape and deviate sexual assault are affirmed. The conviction and sentence for aggravated kidnaping is reversed and the cause is remanded to the trial court with directions to issue an amended mittimus.

Affirmed in part, reversed in part and remanded with directions.

CRAVEN and REARDON, JJ., concur.