John R. BRINK, Petitioner,

v.

Judge Lucy D. ROUCH, Judge Hugo C. Songer, Judge Gory Augustine, Respondents.

Nos. 87–3376/87–3377/87–3378.

United States District Court, C.D. Illinois, Springfield Division.

Jan. 21, 1988.

John R. Brink, pro se.

## OPINION ORDER

RICHARD MILLS, District Judge:

Petitioner John Brink's *pro se* complaints purport to state a cause of action under 42 U.S.C. § 1983 for his deprivation of a speedy trial.

But, in fact, his allegations sound in habeas corpus.

Apparently, on April 19, 1987, Petitioner was arrested in Adams County, Illinois, on the basis of a warrant charging him with numerous criminal acts in St. Charles County, Missouri, Callaway County, Missouri, and Dubois County, Indiana. On October 15, 1987, while incarcerated in the Adams County Jail and presumably awaiting extradition, he filed the present lawsuits against three state trial judges—one from each county named in the warrant.

The pleadings assert that Petitioner is entitled to immediate release from custody because the periods set forth in the speedy trial acts of the respective states have run; yet, he has not been tried for his alleged criminality. This, Brink concludes, violates the Sixth Amendment. U.S. Const. amend. VI (in all criminal prosecutions, the accused shall enjoy the right to a speedy trial).

These cases, consolidated for purpose of ruling, are before the Court upon Brink's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Such a request rests with the sound discretion of the district court and may properly be denied where the underlying claim has no chance of success on the merits. 28 U.S.C. § 1915(d); *Tyler v. City of Milwaukee*, 740 F.2d 580, 582 (7th Cir.1984); *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir.1980).

The Court recognizes that a party appearing *pro se* is held to less stringent pleading standards than those represented by counsel and that it must construe the allegations presented by such litigants liberally. *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir.1985), *citing, Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In spite of this rule of construction, however, Congress has given the Court power under § 1915(d) to deny leave to proceed *in forma pauperis* and dismiss a complaint if it is satisfied that the "petitioner can make no rational argument in law or fact to support his claim for relief." *Jones*, 777 F.2d at 1279–80, *quoting, Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir.1983).

Applying this standard, the Court finds that leave to proceed should be denied and the cases dismissed.

In order to state a claim under § 1983, a prisoner must make a constitutional challenge to the conditions of prison life rather than the fact or length of his

custody. *Prieser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). When a prisoner brings a civil rights action raising issues relating to the latter, the claim is cognizable only in habeas corpus. *Id.* at 499 n. 14, 93 S.Ct. at 1841 n. 14. *See also Crump v. Lane,* 807 F.2d 1394, 1399–401 (7th Cir.1986); *Hanson v. Heckel,* 791 F.2d 93, 95–97 (7th Cir.1986).

■ In this case, the gravamen of the complaints are that Petitioner's confinement is unlawful because he has not received a speedy trial in the state courts as guaranteed by state statutes. Petitioner's lawsuits, therefore, do not arise under § 1983. A request for release from custody must be treated as arising in habeas corpus. *See United States ex rel. Barber v. Pennsylvania,* 429 F.2d 518, 519 (3d Cir.1970). Construing the complaints liberally, the Court will now consider the propriety of such relief.

■ Under 28 U.S.C. § 2241, a district court has the power to entertain an application for a writ of habeas corpus on behalf of a pre-trial detainee where the petitioner is purportedly "in custody in violation of the Constitution or laws or treaties of the United States." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488–93, 93 S.Ct. 1123, 1126–29, 35 L.Ed.2d 443 (1973); *United States ex rel. Hoover v. Franzen,* 669 F.2d 433, 442 n. 19 (7th Cir. 1982). Notions of comity and federalism, however, dictate that unless the applicant has exhausted remedies available in the state courts, federal courts should not consider granting the writ. *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir.1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1824, 64 L.Ed.2d 260 (1980); *United States ex rel. Parish v. Elrod,* 589 F.2d 327, 328–29 (7th Cir.1979). Yet a failure to exhaust state remedies does not deprive a federal court of jurisdiction to consider the merits of a habeas corpus petition where to do so appears proper. *Granberry v. Greer,* —— U.S. ——, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987); *Elrod,* 589 F.2d at 328–29; *Echevarria v. Bell,* 579 F.2d 1022, 1025 (7th Cir.1978); *United States ex rel. Holleman v. Duckworth,* 652 F.Supp. 82, 91 (N.D.Ill.1986). As the Supreme Court indicated in *Granberry,* 107 S.Ct. at 1674, if the Court is convinced that the petition is meritless, utilization of the exhaustion rule would simply require needless litigation in the state courts.

■ Here, nothing in the record indicates that Brink has filed any claim for relief with the Missouri or Indiana courts. Thus, this Court would be justified in dismissing the cases with leave to reinstate if necessary once Brink had exhausted available state remedies—namely, raising the speedy trial argument in his criminal prosecution and, if necessary, on appeal therefrom in the state courts. *See Benn v. Montgomery County,* No. 86–1500, Slip op. (E.D.Pa.1986) [Available on WESTLAW, 1986 WL 7223] (available on Lexis). *Cf. Braden,* 410 U.S. at 489, 93 S.Ct. at 1126 (federal habeas corpus does not lie to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court). But since the complaints do not raise a claim of constitutional proportions—a prerequisite for § 2241 relief—the Court believes the more appropriate path is to dismiss the lawsuits on their merits with prejudice.

■ Petitioner seems to assume that a violation of a speedy trial act is synonymous with a violation of the Sixth Amendment. His assumption is incorrect. The rights of criminal defendants under each are distinct. *United States v. Thirion,* 813 F.2d 146, 154 (8th Cir.1987); *United States v. Gonzalez,* 671 F.2d 441, 442 (11th Cir.), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982). *Cf. United States v. Scott,* 784 F.2d 787, 789–90 (7th Cir.). *cert. denied,* 476 U.S. 1145, 106 S.Ct. 2257, 90 L.Ed.2d 702 (1986); *United States ex rel. Mitchell v. Fairman,* 750 F.2d 806, 807–10 (7th Cir.1984). In determining whether a defendant's statutory right to a speedy trial has been violated, a court more or less makes a mathematical calculation. On the other hand, whether the Sixth Amendment has been violated depends at least upon four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the

defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

The theory of Petitioner's cases seems to be that because state statutes have purportedly been violated, the constitution necessarily has been violated and consequently, he is entitled to dismissal of the charges and prompt release. The analysis has shown, however, that this is not the law. Brink simply has not alleged any factors which might establish a federal speedy trial claim. No rational argument can be made in these cases upon the facts set down that Brink is entitled to a federal court order directing his release. His allegations that the Missouri and Indiana speedy trial laws have been violated are insufficient to implicate the United States Constitution.

■ Moreover, even assuming *arguendo* that a claim cognizable under § 2241 was presented, Brink has sued the *wrong* Defendants. A petition for a writ of habeas corpus is properly presented against a prisoner's custodian, not a trial court judge. 28 U.S.C. § 2242 (application for writ shall allege name of person who has custody over prisoner); *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 408 (7th Cir.1985).

In this day and age of expanding caseloads, the Court must attempt to strike a balance between open access to the Court and prudent management of its own docket. In this instance, the Court would have to manufacture facts on its own initiative to conclude that a constitutional claim has been stated. This would stretch the liberal construction rule of *Haines* beyond its intended scope. While it is hesitant to deny access to indigent litigants, the Court believes these cases have no chance of succeeding on the merits and thus meet the requirements of § 1915(d).

*Ergo,* the complaints failing to state a cause of action under either 42 U.S.C. § 1983 or 28 U.S.C. § 2241, Petitioner's motion for leave to proceed *in forma pauperis* is DENIED and the lawsuits DISMISSED.

Judgment for Defendants.

Cases CLOSED.