774 P.2d 440 (1989)
108 N.M. 440
STATE of New Mexico, Petitioner,
v.
Wenseslado T. MENDOZA, Respondent.
No. 18273.
Supreme Court of New Mexico.
May 31, 1989.
*441 Hal Stratton, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for petitioner.
Glen Williamson, Santa Fe, for respondent.

OPINION
STOWERS, Justice,
We granted certiorari to consider whether a stay of the proceedings to determine a defendant's competency to stand trial recommences the six-month speedy trial rule, SCRA 1986, 5-604, after a finding of competency.
The facts relevant to this case as set out in the court of appeals' opinion are as follows. On November 17, 1986, the petitioner, the State of New Mexico, charged defendant-respondent, Wenseslado T. Mendoza, by criminal information with possession of a controlled substance, cocaine, with intent to distribute. Mendoza posted bond and was released. On November 25, 1986, he was arraigned and entered a plea of not guilty. Although it is unclear from the record which party made the oral motion, on April 20, 1987, the trial court entered an order suspending the proceedings to determine the mental competency of respondent to stand trial. Both sides concurred in that order. On June 16, 1987, the State moved for an independent examination of respondent to determine competency. Mendoza had already been examined by an organization called Counseling Associates, Inc., but neither party had yet received a report from them. The trial court on August 19, 1987, entered an order allowing the independent examination. On November 17, 1987, the court held a hearing to determine respondent's competency. The parties stipulated to the admission of the Counseling Associates' report and to lifting the suspension of the proceedings. Defense counsel stated, however, that he was not waiving any time limits regarding the trial. Based on the report, the trial judge found respondent competent to stand trial and lifted the suspension. An order was filed on November 18, 1987, to that effect. On May 13, 1988, the day scheduled for trial, respondent filed a motion stating that none of the tolling provisions of Rule 5-604(B) applied and that no extension of time had been sought by the State and granted by the supreme court. See SCRA 1986, 5-604(B), (C), and (D).
On appeal, the State argued that the tolling provision applicable to the present case is found in Rule 5-604(B)(2) which provides for a stay "on a finding of incompetency to stand trial." The State maintained that, even though a stay in proceedings for the purpose of determining competency, as opposed to a finding of incompetency, does not fall within the literal language of the Rule, it is sufficiently analogous to recommence the six-month time period on November 18, 1987, when the trial court found Mendoza competent to stand trial and lifted the suspension. The court of appeals disagreed and read the rule in accordance with its plain meaning. In affirming the trial court, the appellate court opined:
In this case there was never a finding of incompetency; therefore, unless we are to read language into the rule which is not present, the trial must have commenced six months after the date of the arraignment, which took place on November 25, 1986. Since the trial was not scheduled to commence until May 13, 1988, almost one year after the six-month rule had run, the trial court had no alternative but to dismiss the information with prejudice. [Citations omitted.]
Moreover, the court reasoned the State could have applied for an extension of time under subsection C of the Rule.
We do not agree with this hypertechnical analysis of our six-month speedy trial rule. The court of appeals' analysis fails to consider the extensive procedures we have set forth in Rule 5-602(B), SCRA *442 1986, 5-602(B), to determine the competency of a defendant to stand trial. When looking at these procedures in their entirety, the delay to evaluate the competency of a defendant is essential in protecting his rights. We reverse the court of appeals and the district court, and reinstate the information against Mendoza.
[T]he right to [a] speedy trial is fundamentally a right guaranteed by federal and state constitutions, but it is also a statutory right in those states which in addition to the constitutional guaranty define the nature and limits of the right by express statute. Therefore, waiver or loss by one accused of [a] crime of his right to a speedy trial includes waiver or loss not only of such right as it is guaranteed generally by federal and state constitutions but also of the rights of [an] accused under statutes attempting to define "speedy trial" by providing for the time within which [the] accused must be brought to trial.
Many states have enacted statutes providing a time limit upon delay of trial and these statutes are held to be supplementary to the constitutional provisions for [a] speedy trial and enacted to give them form and force... .
* * * * * *
Generally speaking, a speedy trial is one conducted according to prevailing rules, regulations, and proceedings of law free from arbitrary, vexatious and oppressive delays. The right does not require a trial immediately upon return of an indictment, nor on arrest made under it, but requires that the trial shall be had as soon as reasonably possible after the indictment is found, without depriving the prosecution of a reasonable time in which to prepare for trial. [Citations omitted.]
Annotation, Waiver or Loss of Accused's Right to Speedy Trial, 57 A.L.R.2d 302, 305 (1958).
The right to a speedy trial is grounded in the sixth and fourteenth amendments of the United States Constitution and in Article II, Section 14 of the New Mexico Constitution. In addition, the right in New Mexico is found in Rule 5-604, which provides in relevant part:
B. Time Limits for commencement of trial. The trial of a criminal case ... shall be commenced six (6) months after whichever of the following events occurs latest:
* * * * * *
(2) if the proceedings have been stayed on a finding of incompetency to stand trial, the date an order is filed finding the defendant competent to stand trial.
We agree that the State's interpretation of Rule 5-604 to allow a recommencement of the six-month period following a stay to determine competency is consistent with the intent of the rule, with the interests protected by it, and is appropriate in the present case. This court has stated that the purpose of the six-month time period in which to commence the trial of an accused is "to assure the prompt trial and disposition of criminal cases" and is not to be technically applied "to effect dismissals." State v. Flores, 99 N.M. 44, 46, 653 P.2d 875, 877 (1982); accord State v. Benally, 99 N.M. 415, 419, 658 P.2d 1142, 1146 (Ct. App. 1983). Therefore, the rule "is to be read with common sense." Flores, 99 N.M. at 46, 653 P.2d at 877.
In applying this "common sense" approach to the situation in Flores, we interpreted the six-month speedy trial rule, NMSA 1978, N.M.R.Crim.P. 37 (Repl.Pamp. 1980), to start running anew from the date of defendant's arrest after defendant failed to appear at the pretrial conference. Similarily in Benally, the court of appeals utilized a common sense analysis to permit recommencement of the six-month time period upon filing an amended information that added an entirely new offence to the charges. In both cases a literal interpretation of our six-month speedy trial rule would not have allowed that result nor effectuated the rule's intent and purpose. Cf. State v. Felipe V., 105 N.M. 192, 730 P.2d 495 (Ct.App.), cert. denied, 105 N.M. 111, 729 P.2d 1365 (1986) (under Children's Court Rules, review of a writ by a higher court is an appeal recommencing the adjudicatory hearing within ninety days of service *443 of petition on juvenile or of later appeal); State v. Padilla, 92 N.M. 19, 582 P.2d 396 (Ct.App.), cert. denied, 92 N.M. 180, 585 P.2d 324 (1978) (although not expressly stated in the Children's Court Rules speedy trial provisions, these provisions are tolled during the appellate proceedings reversing the trial court's dismissal of the supplemental information).
In the present case, a motion to determine Mendoza's competency and a suspension of the proceedings was agreed to by both sides. The period of time to make this determination must be excluded from determination of the period for commencement of trial. The law is clear that conviction of a legally incompetent accused violates due process. See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). And one who is incompetent cannot stand trial. See SCRA 1986, 5-602(B)(3). Therefore, until obtaining the result from the examination, a trial court has no choice but to delay the trial and stay the proceedings. During the time an accused's competency is being assessed, he or she is unavailable for trial. Regardless of who initiates the proceeding a competency examination is clearly on behalf of the accused and in no way infringes on that person's speedy trial rights. See Commonwealth v. Millard, 273 Pa.Super. 523, 532, 417 A.2d 1171, 1175-76 (1979); accord State v. Starcevich, 139 Ariz. 378, 389, 678 P.2d 959, 970 (Ct.App. 1983); Jones v. People, 711 P.2d 1270, 1281 (Colo. 1986); Andrews v. State, 441 N.E.2d 194, 199 (Ind. 1982); State v. Lewis, 220 Kan. 791, 796, 556 P.2d 888, 892 (1976); ABA Standards for Criminal Justice § 12-2.3(a) (1980) (period of delay resulting from examination of defendant's competency should be excluded from speedy trial computation).
The same principles which support a recommencement of our six-month rule following a stay based upon a finding of incompetency, SCRA 1986, 5-604(B)(2), support restarting the time period after proceedings have been stayed to determine an accused's competency. In both situations, the delay is clearly for the benefit of the defendant who cannot stand trial until the issue of competency has been properly assessed. These delays are chargeable to the defendant and must be excluded from any speedy trial analysis. A common sense approach of Rule 5-604(B)(2) mandates this interpretation.
Moreover, in the present case, the trial court ordered a suspension of proceedings to which both parties agreed. The concurrence or stipulation of both the State and respondent to a suspension of the proceedings to determine competency is sufficiently analogous to the incompetency provisions of Rule 5-604(B)(2) to warrant automatic recommencement upon a subsequent determination of competency. In this case, we are inclined to infer that suspension or stay of the proceedings contemplated a suspension of Rule 5-604 with recommencement of the six months upon the lifting of the stay. Nothing in the trial court's order indicated that the six-month rule would continue to run during the time required to complete the mental examination of respondent. Moreover, defense counsel's reservation of his client's rights when the suspension of the proceedings was lifted in November 1987 must be evaluated in light of its untimeliness and his concession that it was unclear whether the suspension did not fall within the provisions of 5-604(B)(2).
This, however, does not end our inquiry. Whenever there is a delay of more than six months between the time of arraignment and the date of the trial, four factors are to be considered in determining whether a defendant has been denied the right to a speedy trial. State v. Chacon, 103 N.M. 288, 289, 706 P.2d 152, 153 (1985). These are length of delay, reason for delay, defendant's assertation of his right, and ensuing prejudice to the defendant. Id.; see also Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Mendoza was arraigned on November 25, 1986, and scheduled to stand trial on May 13, 1988. This was approximately an eighteen-month delay. This delay, however, was for Mendoza's benefit to assess his competency to stand trial. The record indicates he acquiesced to a stay in the proceedings during determination of his *444 competence. Further, respondent did not assert his right to a speedy trial until the day the trial began, six months after the trial court lifted the stay. Given respondent's responsibility for the delay, his failure to assert his rights, and the absence of any identifiable prejudice, we find no violation of the right to a speedy trial.
We reverse the court of appeals and the district court, and remand this case to the district court to reinstate the information.
IT IS SO ORDERED.
SCARBOROUGH and BACA, JJ., concur.
RANSOM, J. (specially concurring).
SOSA, C.J. (dissenting).
RANSOM, J. (specially concurring).
I agree that recommencement of the six-month period can occur under circumstances not comporting with a strict and literal interpretation of the provisions of SCRA 1986, 5-604(B). Authority cited by the majority militates against a strict and literal reading of the rule. Here, suspension of the proceedings to determine competency was analogous to the incompetency provisions of Rule 5-604(B)(2). Suspension of the proceedings in this case, with the concurrence or stipulation of both the State and defendant, clearly contemplated suspension of Rule 5-604 and recommencement of the six months at such time as competency may have been determined and the suspension lifted.
I specially concur only to express a belief that we should avoid a common "speedy trial" appellation for Rule 5-604 and constitutional provisions, and we should avoid engrafting principles of constitutional analysis onto the operation of the rule.
SOSA, Chief Justice (dissenting).
I hereby adopt as my dissent the majority opinion of the court of appeals as appended herein in full.

APPENDIX

No. 10688.

Court of Appeals of New Mexico.

Feb. 7, 1989.

OPINION
BIVINS, Chief Judge.
The state appeals from an order dismissing the information against defendant charging him with possession of a controlled substance with intent to distribute. This appeal presents the issue of whether a suspension of proceedings to determine defendant's competency to stand trial tolls the running of the six-month rule, SCRA 1986, 5-604. We hold it does not and affirm the trial court's dismissal of the information with prejudice.
On November 17, 1986, the state charged defendant by criminal information with possession of a controlled substance with intent to distribute. Defendant posted bond and was released. On November 25, 1986, he was arraigned and entered a plea of not guilty. Although it cannot be determined from the record which party made the oral motion, on April 20, 1987, the trial court entered an order suspending the proceedings to determine the mental competency of defendant to stand trial. Both sides approved that order.
On June 16, 1987, the state moved for an independent examination of defendant to determine competency. Defendant had already been examined by Counseling Associates, but the parties had not received a report at the time the state's motion came on for hearing. The court entered an order on August 19, 1987, allowing for the independent examination the state requested.
On November 17, 1987, the trial court held a hearing to determine defendant's competence. The parties stipulated to the admission of the Counseling Associates report and also to lifting the suspension of proceedings; however, defense counsel specifically stated that he was not waiving any time limits regarding the trial. Based on the report, the trial court found defendant competent to stand trial and entered an order to that effect on November 18, 1987, *445 which also lifted the suspension of proceedings.
On May 13, 1988, the day scheduled for trial, defendant filed a motion to dismiss with prejudice, alleging the six-month time limit had expired on May 24, 1987. Following argument, the trial court granted defendant's motion. This appeal followed.
Rule 5-604 provides in pertinent part:
B. Time limits for commencement of trial. The trial of a criminal case or an habitual criminal proceeding shall be commenced six (6) months after whichever of the following events occurs latest:
* * * * * *
(2) if the proceedings have been stayed on a finding of incompetency to stand trial, the date an order is filed finding the defendant competent to stand trial;
* * * * * *
C. Extension of time. The time for commencement of trial may be extended only by the supreme court, a justice thereof, or a judge designated by the supreme court, for good cause shown... .
D. Effect of noncompliance with time limits. In event the trial of any person does not commence within the time specified in Paragraph B of this rule or within the period of any extension granted as provided in this rule, the information or indictment filed against such person shall be dismissed with prejudice.
In its carefully worded order of dismissal, the trial court made findings showing the date of arraignment as November 25, 1986; that no extension had been sought or granted by the supreme court; that the proceedings had not been stayed upon a finding that defendant was incompetent to stand trial; and other findings which negated the application of any of the other tolling provisions of Rule 5-604(B).
Both sides agree that the only tolling provision possibly applicable is the one found in Rule 5-604(B)(2) providing for a stay "on a finding of incompetency to stand trial." The state concedes that a stay in proceedings for the purpose of determining competency, as opposed to a finding of incompetency, does not fall within the literal language of the rule, but it argues that it is sufficiently analogous so that the six months should have recommenced on November 18, 1987, when the trial court found defendant competent to stand trial and lifted the suspension. The state asks us to make this interpretation based on common sense rather than a technical reading of Rule 5-604. We read the rule in accordance with its plain meaning.
Rule 5-604(B)(2) clearly provides for tolling if the proceedings have been stayed on a finding of incompetency to stand trial. If such finding of incompetency is made, then the trial shall be commenced six months after the date an order is filed finding defendant competent to stand trial. In this case there was never a finding of incompetency; therefore, unless we are to read language into the rule which is not present, the trial must have commenced six months after the date of arraignment, which took place on November 25, 1986. See R. 5-604(B)(1). Since the trial was not scheduled to commence until May 13, 1988, almost one year after the six-month rule had run, the trial court had no alternative but to dismiss the information with prejudice. See R. 5-604(D).
The state has no cause to complain. It could have applied for an extension of time. See R. 5-604(C). It failed to do so. Cf. State v. Barefield, 92 N.M. 768, 595 P.2d 406 (Ct.App. 1979) (state obtained extension of time in which to try defendant while competency determination was pending).
The state relies on cases which have interpreted the tolling provisions of the six-month rule. See, e.g., State v. Flores, 99 N.M. 44, 653 P.2d 875 (1982) (interpreting the phrase "conditions of release" where accused was already in custody for a previous conviction); Atencio v. Love, 96 N.M. 510, 632 P.2d 745 (1981) (interpreting "disposition" under applicable metropolitan court six-month rule); State v. Felipe V., 105 N.M. 192, 730 P.2d 495 (Ct.App. 1986) (interpreting the meaning of "appeal" in children's court proceeding); State v. Benally, *446 99 N.M. 415, 658 P.2d 1142 (Ct.App. 1983) (interpreting "date of filing of an information" where an amended information had been filed); State v. Padilla, 92 N.M. 19, 582 P.2d 396 (Ct.App. 1978) (interpreting "reversal of a conviction" to include any delay resulting from appellate proceedings). Those cases do not support the state's position.
When a term is not defined by a statute, a court may interpret the word in accordance with its ordinary meaning. Security Escrow Corp. v. Taxation & Revenue Dep't, 107 N.M. 540, 760 P.2d 1306 (Ct.App. 1988). If, in applying the words used to a particular fact pattern, the author's intent is unclear, a court must construe the statute in accordance with the rules of statutory construction. See id. In the cases cited by the state, the court was interpreting the words in the rule or construing a portion of the rule the meaning of which was unclear. This case, however, presents a different problem. Here, the words of the rule do not require interpretation, and the meaning of the rule as applied to these facts seems clear.
Identical to our role in interpreting statutes, our role in interpreting rules is to discern and give effect to the author's intent. See, e.g., Atencio v. Board of Educ. of Penasco Indep. School Dist. No. 4, 99 N.M. 168, 655 P.2d 1012 (1982). Where the rule is unambiguous, we interpret it literally and give effect to the plain meaning of the rule, as it appears on the face of the rule, unless to do so leads to an absurd or unjust result. Id. We do not add words into the rule except where necessary to prevent absurdity or to give effect to the obvious intent of the supreme court. See, e.g., State v. Pendley, 92 N.M. 658, 593 P.2d 755 (Ct.App. 1979).
What the state is really arguing for is a change in the rule. It reminds us of the underlying constitutional requirement that an incompetent defendant may not be tried. See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (incompetent defendant may not be tried). Similarly, a failure to make a determination of competency when reasonable grounds appear constitutes fundamental constitutional error. Id. Thus, according to the state, because of the constitutional requirement for determination of competency, a defendant whose competency is being determined must be considered unavailable for trial. See Commonwealth v. Millard, 273 Pa.Super. 523, 417 A.2d 1171 (1979); Isley v. State, 354 So.2d 457 (Fla. Dist. Ct. App. 1978). The state also cites cases from other jurisdictions, which have held, in recognition of the obligation to determine competency, that delays resulting from examinations do not infringe upon speedy trial rights. See, e.g., Grayless v. State, 567 S.W.2d 216 (Tex. Crim. App. 1978); People v. Browry, 8 Ill. App.3d 599, 290 N.E.2d 650 (1972); In re Severns, 330 P.2d 752 (Okla. Crim. App. 1958).
We would agree with the state that since a competency examination is for the defendant's benefit, Hodges v. United States, 408 F.2d 543 (8th Cir.1969); Jones v. People, 711 P.2d 1270 (Colo. 1986) (En Banc); State v. Starcevich, 139 Ariz. 378, 678 P.2d 959 (Ct.App. 1983); People v. Browry, it follows that delays from competency examinations should be chargeable to the defendant in a speedy trial analysis. See Jones v. People; People v. Beerlie, 44 Ill. App.3d 164, 3 Ill.Dec. 219, 358 N.E.2d 386 (1976); O'Neal v. State, 253 Ark. 574, 487 S.W.2d 618 (1972); see generally ABA Standards for Criminal Justice § 12-2.3(a) (2d ed. 1980) (period of delay resulting from examination of defendant's competence should be excluded from speedy trial computation).
The problem, however, is that our Rule 5-604 is unequivocal and therefore the authorities relied upon have no application. If any change in the rule is to be made it must be made by the supreme court, not this court. It is interesting to note, however, that under the federal speedy trial rule, 18 U.S.C. § 3161 (1982), the comparable tolling provision is not all-inclusive. See § 3161(h)(1)(A).
The state argues that it was not responsible for the delay since defendant made the request for a competency determination. Even if it was defendant that made *447 the request, we do not believe that it matters.
Finally, the state relies on two supreme court cases, State v. Chacon, 103 N.M. 288, 706 P.2d 152 (1985), and State v. McCrary, 100 N.M. 671, 675 P.2d 120 (1984), in which the court, in reviewing a challenge under the state speedy trial rule, also employed the balancing test for speedy trial delays as set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and State v. Harvey, 85 N.M. 214, 510 P.2d 1085 (Ct.App. 1973). The four factors that must be weighed under that balancing test are the length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant.
The state says that, considering that the delay was occasioned at the defendant's request for a competency hearing and that he suffered no prejudice as a result thereof, these factors weigh heavily in favor of the state.
While Chacon and McCrary suggest that we may resolve the issue in this case by balancing the Barker factors, it does not seem appropriate to do so for at least two reasons. First, Rule 5-604 contains its own specific requirement for noncompliance within the time limits, i.e., dismissal of the information with prejudice. For us to undertake balancing of the Barker factors would require that we ignore the plain language of the six-month speedy trial rule. This we decline to do. Second, we believe that the Barker analysis is appropriate only in determining claims of speedy trial deprivation, not for determining whether the statutory speedy trial requirements have been met. We do not believe McCrary and Chacon are to the contrary. In those cases, the supreme court appears to have held the state speedy trial rule had been satisfied and to have applied the balancing test to the overall delay between the initial charge and the ultimate charge.
Federal courts interpreting the analogous federal Speedy Trial Act have held that the sixth amendment constitutional claim and the statutory speedy trial claim receive separate review. See, e.g., United States v. Thirion, 813 F.2d 146 (8th Cir.1987); United States v. Gonzalez, 671 F.2d 441 (11th Cir.), cert. denied, 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982); Brink v. Rouch, 677 F. Supp. 569, 571 (C.D. Ill. 1988) (holding that Speedy Trial Act involves a "mathematical calculation" in determining whether it has been violated, while a sixth amendment claim involves the Barker analysis). Violation of the Speedy Trial Act is not synonymous with a sixth amendment violation. Brink v. Rouch. In Gonzalez, the Eleventh Circuit held that a defendant's rights under the Speedy Trial Act and the sixth amendment were distinct, though related. It further noted that "the legislation does not purport to be coextensive with that amendment... . Thus, our review of compliance with the Act presents a question of statutory interpretation, while our sixth amendment inquiry continues to be guided by the Supreme Court's decision in Barker v. Wingo. ..." 671 F.2d at 443 (citations omitted).
It may be that the supreme court in Chacon and McCrary, by relying on the balancing test, was attempting to highlight the underlying concern for the sixth amendment right to a speedy trial.
While we share the trial court's reluctance to dismiss, given the facts and circumstances we have no choice; accordingly, we affirm.
IT IS SO ORDERED.
ALARID and MINZNER, JJ., concur.