This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 28,561**

**MELISSA BENALLY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals the district court's order affirming her magistrate court conviction and denying her motion to dismiss. Defendant raises two issues: (1) the magistrate judge failed to approve the plea agreement or commence trial within 182 days after her arraignment, and (2) the magistrate judge erred in failing to conduct a plea colloquy with her as required by Rule 6-502(B) NMRA. We affirm the district court.

**BACKGROUND**

Defendant was charged with second aggravated DWI, driving on a suspended or revoked license, open container, and failure to maintain a traffic lane. Three days before the trial date, on June 26, 2007, defense counsel sent a letter to the magistrate court with a copy to the prosecutor notifying the court that her client intended to enter into a plea agreement and that the prosecutor had been notified of Defendant's intentions. A handwritten notation on the letter indicates that the case was being "reset for sentencing."

On June 29, 2007, the trial date, Defendant and her counsel appeared for the plea hearing. Defendant signed the plea agreement which reduced the second aggravated DWI to a first non-aggravated DWI and dismissed the related traffic offenses and placed it in the court file. Neither the prosecutor nor the magistrate judge was present at the hearing. The prosecutor, who appeared for the hearing late due to

a conflict in another hearing, had already signed and approved the agreement in January 2007, shortly after Defendant's initial arraignment. However, no magistrate judge was in court that day, and the plea was not signed by a judge at that time.

On July 26, 2007, the parties appeared before the magistrate judge for sentencing. At the hearing, defense counsel objected that the 182-day rule had been violated and argued that the matter should be dismissed. The magistrate judge nevertheless accepted and signed the plea agreement, and sentenced Defendant on the first-time DWI charge to which she had pled.

Defendant filed an appeal to the district court on August 2, 2007, alleging a violation of Rule 6-506(B) NMRA (requiring that cases in magistrate court be tried within 182 days). Subsequently, on December 19, 2007, Defendant filed a motion to dismiss for lack of timely prosecution. Specifically, Defendant claimed that the six-month rule was violated because the magistrate judge did not sign the plea and disposition agreement until nine days after the 182-day rule had expired. Defendant also argued that her right to a speedy trial was violated.

After a hearing, the district court denied Defendant's motion, holding that the six-month rule is not jurisdictional and must be read with common sense. The district court remanded the case to magistrate court for imposition of the original sentence. This appeal followed.

Defendant raises two issues on appeal. First, Defendant contends that the district court erred in denying her motion to dismiss for failure to commence her trial within 182 days of her arraignment. Second, Defendant argues that the district court erred in accepting her guilty plea without first inquiring about the basis or voluntariness of her plea pursuant to Rule 6-502. We discuss each in turn.

**DISCUSSION**

**The District Court Did Not Err in Denying Defendant's Motion to Dismiss for Failure to Commence Trial Within 182 Days of Her Arraignment as Required by Rule 6-506(B)**

We review a trial court's application of the six-month rule de novo. *State v. Wilson*, 1998-NMCA-084, ¶ 8, 125 N.M. 390, 962 P.2d 636.

In this case, Defendant was arraigned on January 17, 2007, and the parties agree that the rule expired on July 18, 2007. The prosecutor signed and approved the plea agreement on January 18, 2007, and Defendant and her attorney subsequently signed it on June 29, 2007. However, the magistrate judge did not sign the agreement until July 26, 2007. Defendant contends that because the magistrate judge signed the plea agreement eight days after the rule had run, the district court erred in denying her motion to dismiss pursuant to Rule 6-506. We disagree.

In relevant part, Rule 6-506(B)(1) provides that, "[a] trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after

4

whichever of the following events occurs latest: (1) the date of arraignment or the filing of a waiver of arraignment of the defendant." If the six-month rule is violated, the case is subject to dismissal. Rule 6-506(E). Our Supreme Court has held, however, that the six-month rule is to be read with a "common sense approach." *State v. Mendoza*, 108 N.M. 446, 448-49, 774 P.2d 440, 442-43 (1989); *State v. Flores*, 99 N.M. 44, 46, 653 P.2d 875, 877 (1982) (stating that the six-month rule "is to be read with common sense"). Thus, in determining whether the six-month rule is suspended, we consider whether the delay inures to the benefit of the defendant and whether the defendant acquiesces in the delay or fails to raise the issue of the violation in a timely fashion. *See Mendoza*, 108 N.M. at 449, 774 P.2d at 443 (discussing circumstances under which the proceedings are suspended).

Defendant cites to—and attempts to distinguish—three cases in which we held there was no violation of the six-month rule. In *State v. Lobato*, 2006-NMCA-051, ¶ 22, 139 N.M. 431, 134 P.3d 122, the defendant argued that because the trial court's ruling declaring a mistrial was erroneous, the six-month rule was not restarted. We concluded that because the defendant failed to raise the issue of a violation until six months after the rule ran, and because he participated in at least four pre-trial hearings with no objection, there was no violation of the six-month rule. *Id.* ¶ 29.

Similarly, in *State v. Jaramillo*, 2004-NMCA-041, ¶¶ 3-5, 135 N.M. 322, 88 P.3d 264, we took a common sense approach to the rule and held that there was no violation where the defendant acquiesced in the delay by assuming that his co-defendant's appeal was dispositive of his case, where he participated in numerous hearings and conferences, and where he only alleged a violation of the rule seven months after it expired.

Finally, in *State v. Guzman*, 2004-NMCA-097, ¶ 2, 136 N.M. 253, 96 P.3d 1173, the district court granted an unopposed continuance for trial, and then set a trial date outside the six-month rule limit. At the time, the defendant stipulated that good cause existed for the extension, including the death of the trial judge originally assigned to the case. *Id.* Eighteen days after the rule ran, the court entered an order granting the extension. *Id.* ¶ 3. A month later, the defendant filed a motion to dismiss arguing that the order was not proper because the prosecutor had not filed a verified petition as required by Rule 5-604(D) NMRA. *Guzman*, 2004-NMCA-097, ¶¶ 4, 5. Again, we held that there was no violation of the six-month rule. *Id.* ¶ 13. Specifically, we observed that dismissal of the case would be a hypertechnical application of the rule because there was good cause for the extension and because the defendant failed to object to the written extension until more than a month after the order was entered. *Id.* ¶¶ 11, 13.

6

Defendant in this case does not cite to any cases in which our appellate courts have found a violation of the six-month rule under circumstances similar to hers. Instead, Defendant merely contends that the above cases are distinguishable from the facts of her case and, therefore, dismissal is warranted. Defendant argues that she did not cause the judge or prosecutor to miss the plea hearing within 182 days of her arraignment. In addition, Defendant argues that although her June 27, 2007 letter states that she intended to accept a plea, the judge and prosecutor should have been present at the hearing on June 29, 2007, in the event she decided to reject her plea and proceed to trial. For the reasons that follow, we are not persuaded that the cases cited by Defendant demand a different result here.

As we have noted, Defendant filed a letter on June 27, 2007, indicating that she did not intend to proceed to trial but that she intended to enter a plea to reduced charges. She then appeared in magistrate court with her counsel to sign the plea agreement on June 29, 2007, the trial date. Although a plea acceptance hearing could not occur on that date, Defendant did not object to the lack of hearing, she did not move to withdraw her plea, nor did she request a trial setting. Further, Defendant did not object to the sentencing being set for July 26, 2007. The first time Defendant objected to the running of the six-month rule was at the sentencing hearing, eight days after the rule had run. Even then, however, she did not move to withdraw her plea

7

agreement nor did she claim that she was prejudiced by the delay. We conclude that, under the circumstances of this case, Defendant acquiesced in the running of the six-month rule by filing the letter that she intended to enter into a plea agreement, by signing the plea agreement, and by proceeding to sentencing rather than electing to go to trial. We further determine that dismissal would require a hypertechnical reading of the six-month rule that does not comport with our application of a common sense approach to such cases.

We affirm the district court's order denying Defendant's motion to dismiss for violation of the six-month rule.

**Defendant Has Waived Her Right to Appeal Her Claim That the Magistrate Judge Violated Rule 6-502(B)**

Defendant next contends, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that the district court erred in accepting Defendant's guilty plea without first inquiring as to the basis or voluntariness of her plea, as required by Rule 6-502. Defendant contends that the magistrate judge did not orally recite the waiver of rights at either the June 29, 2007 hearing or the July 26, 2007 sentencing hearing at which the plea was formally accepted and Defendant was sentenced. While we express our concern that no magistrate judge was present at the June 29, 2007 hearing to take the plea and that the

8

magistrate judge failed to orally recite the waiver of rights at the July 26, 2007 hearing, we nonetheless determine that Defendant has waived her right on this issue.

Defendant essentially makes no argument on this claim and concedes that she "arguably acquiesced to the waiver of her rights through her signature on the plea agreement." Defendant further concedes that she "may have waived the issue as to the voluntariness of the plea" because she did not request withdrawal of her plea and a new trial date and, instead, only sought dismissal based on a violation of the 182-day rule. Our review of the record also indicates that Defendant never moved to withdraw her plea, nor did she raise a Rule 6-502(B) issue in her appeal to the district court. The motion to dismiss filed in the district court sought only dismissal based on lack of timely prosecution pursuant to Rule 5-604 and on speedy trial grounds. Although it is clear that Defendant preserved the issue of the 182-day rule violation, it is equally clear that she did not preserve a claim on the Rule 6-502 issue. Because the district court did not have the opportunity to rule on the issue of the voluntariness of Defendant's plea, we will not review her argument on appeal. *See* Rule 12-216 NMRA (stating that in order to preserve a question for appellate review, "it must appear that a ruling or decision by the district court was fairly invoked"); *State v. Dominguez*, 2007-NMSC-060, ¶ 14, 142 N.M. 811, 171 P.3d 750 (concluding

that since the defendant did not contest his guilty plea or seek to withdraw it, he failed to preserve any issue arising from that plea for appellate review); *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)).  We therefore do not consider the merits of this argument.

**CONCLUSION**

For the reasons set forth above, we affirm the district court and Defendant's convictions.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**