653 P.2d 875

**STATE of New Mexico, Petitioner,**

v.

**Richard David FLORES, Respondent.**

**No. 14401.**

Supreme Court of New Mexico.

Nov. 3, 1982.

Jeff Bingaman, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for petitioner.

1. On February 1, 1982, Rule 37 was amended by N.M.R.Crim.P. 37, N.M.S.A.1978 (Cum.

Stephen A. Slusher, Asst. Dist. Atty., Albuquerque, trial counsel.

Michael Dickman, Appellate Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Defendant, Richard Flores (Flores) was indicted alternatively for forgery or fraud, on July 28, 1981. Flores was arraigned on August 3, 1981. On March 8, 1982, Flores submitted a motion to dismiss the indictment for the State's failure to try the case within six months of Flores' arraignment. N.M.R.Crim.P. 37, N.M.S.A.1978 (Repl. Pamp.1980).[1] The trial court denied the motion. The Court of Appeals granted an interlocutory appeal and reversed the trial court by ordering that the indictment be dismissed. We granted certiorari. We reverse the Court of Appeals and affirm the trial court.

Flores was arraigned before the trial court on August 3, 1981. At the time of the arraignment, Flores was serving a sentence at the New Mexico State Penitentiary. After Flores pled not guilty at the arraignment proceeding, the trial court ordered that Flores be returned to the Penitentiary's custody to be detained at the Penitentiary on the pending charges until further order by the trial court. The trial court neither set bond nor ordered any specific "conditions of release". On October 22, 1981, Flores was discharged from the Penitentiary without the trial court's permission. On November 17, 1981, the trial court issued a bench warrant for Flores' arrest because he did not appear at his November 16, 1981 pre-trial conference. Flores was arrested pursuant to that warrant on January 25, 1982. On March 8, 1982, Flores moved for dismissal of the charges because no extension of the six-month rule had been sought by the State as required by Rule 37(c).

Supp.1982). However, the passages referred to in this opinion are still intact.

The issue on appeal is whether there was a tolling of Rule 37 during the time that the warrant for Flores' arrest was outstanding for failure to appear at the pre-trial conference.

Rule 37 provides in part:

(b) The trial of a criminal case * * * shall be commenced six months after whichever of the following events occur latest:

*    *    *    *    *    *

(7) the date of arrest of the defendant after conditions of release have been revoked for failure to appear as required.

The Court of Appeals agreed with Flores' contention that when the trial judge remanded him to the Penitentiary to be detained until further order of the trial court, that the order did not impose "conditions of release" as referred to in Rule 37. Therefore, no warrant could have been issued for the violation of non-existent conditions of release. The Court of Appeals held that the last event under Rule 37 by which to measure, was Flores' arrest on August 4, 1981.

We decline to follow such a narrow interpretation of our rule. Rule 37 was adopted to assure the prompt trial and disposition of criminal cases, not to effect dismissals by such a technical application. Rule 37 is to be read with common sense. *Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980); *State ex rel. Newsome v. Alarid,* 90 N.M. 790, 568 P.2d 1236 (1977).

N.M.R.Crim.P. 22, N.M.S.A.1978 (Repl. Pamp.1980) states in part:

*Pending trial,* [the accused] * * * shall be ordered released *pending trial* * * * unless the court determines * * * that such release will not reasonably assure the appearance of [the accused] * * * as required. When such a determination is made, the court shall * * * impose the * * * conditions of release which will reasonably assure the appearance of the person for trial. * * * [Emphasis added.]

However, since the trial court did not allow Flores bail, the trial judge did not have an obligation to set any specific "conditions of release". When Flores was released by the Penitentiary on October 22, 1981, it was in violation of the trial court's order. It would not only be inconsistent but absurd to impose "conditions of release" on a defendant remanded to custody when it is not intended that he be released.

The whole purpose for "conditions of release" is to place limitations on a person *not* in custody. However, here Flores was ordered to be held in custody. What more could the trial court do to assure Flores' appearance?

Although it had been more than six (6) months since Flores' first arraignment, we hold that the time while Flores was at large in violation of the trial court's order and a bench warrant for Flores' arrest was outstanding, the time under Rule 37 was tolled. Under our interpretation of Rule 37, the time began to run anew on January 26, 1982. We remand this case to the trial court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.

SOSA, Senior Justice, respectfully dissenting and adopting the Court of Appeals' Opinion as his Dissent.