775 P.2d 750

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Joe LUCERO, Defendant–Appellee.**

**No. 10290.**

Court of Appeals of New Mexico.

April 6, 1989.

Certiorari Denied May 10, 1989.

Writ Quashed May 30, 1989.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Linda Yen, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

OPINION

ALARID, Judge.

The state appeals the dismissal of a criminal complaint. The dismissal was based on violation of SCRA 1986, 7–506(B) (Repl. 1988), the metropolitan court's six-month rule (six-month rule). We affirm.

FACTS

Defendant was arrested on October 1, 1986. On October 2, the state filed a complaint in Bernalillo County Metropolitan Court, charging defendant with, among other offenses, driving while under the influence of alcohol (DWI). The case was set for trial on December 3, 1986. The arresting officer, however, failed to appear for trial. He later testified that he had not known that he was scheduled to appear in court on December 3. Due to the absence of the arresting officer, the presiding judge dismissed the case without prejudice.

On December 19, 1986, a complaint containing three of the same charges, including the DWI charge, was filed in metropolitan court. Trial was scheduled for March 11, 1987, but was not held on that date because a motion for discovery filed by defendant was granted. Trial was again scheduled for March 26, 1987. On that date one of defendant's witnesses failed to appear and he obtained a continuance. Another trial setting, for May 21, 1987, was continued because of the trial judge's absence. Finally, on July 9, 1987, all parties appeared for trial. At that time, defendant moved to dismiss for violation of the six-month rule, and his motion was granted.

The state appealed the dismissal of the complaint to district court. On September 30, 1987, the district court issued an order upholding the metropolitan court's dismissal of the case. The state appeals that decision by the district court.

DISCUSSION

A. Date Upon Which Six Months Commenced Running

The district court held that the Rule 7–506 time period began to run on October 2, 1986, the date the initial complaint was filed, instead of December 19, the date the

second complaint was filed. The court's decision was based on a determination that the state had not established that the dismissal and refiling was done for appropriate reasons, as required by *State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972). On appeal, the state maintains that there was no evidence that would support a dismissal under the *Stanley* case and other six-month rule cases. In support of the district court's judgment, defendant makes two arguments. He contends that the court's decision regarding the state's procedure was correct under *Stanley*. In the alternative, he maintains that the charges brought in the second complaint were identical to those contained in the first, and therefore the new complaint did not supersede the original for purposes of the six-month rule. We find defendant's second argument persuasive and need not address the first contention. For ease of reference, we use the word "complaint" in this opinion to refer to all charging documents, including informations and indictments.

■ Absent an intent to circumvent the applicable six-month rule, when a prosecutor files a new complaint containing significant changes in the offenses charged, the original complaint is superseded. The six-month rule, therefore, is triggered anew by the subsequent complaint. *See State v. Chacon*, 103 N.M. 288, 706 P.2d 152 (1985) (discussing difference between an amended information, which contains new charges, and an amendment to an information, which does not); *State v. Benally*, 99 N.M. 415, 658 P.2d 1142 (Ct.App.1983).

The same is true if the new complaint contains identical charges but those charges are based on new facts or evidence discovered by the state. *See State v. Chacon* (distinguishing *State v. Lopez*, 89 N.M. 82, 547 P.2d 565 (1976), on the basis that in *Lopez*, no new or different information had been added to the filing); *State ex rel. Delgado v. Stanley* (charges in subsequent indictment were identical to those in information that had been dismissed, but indictment was based on newly-discovered evidence; six-month rule started over by indictment because no showing that state was attempting to circumvent rule); *State v. Benally* (discussing *Stanley* as an "amended information" case); *cf. State v. Aragon*, 99 N.M. 190, 656 P.2d 240 (Ct.App. 1982) (state filed second complaint, containing some counts identical to those in first complaint, but facts underlying the counts were different than those forming basis of first complaint; under these circumstances, no evidentiary hearing necessary to hold that six-month rule triggered anew by second complaint).

■ Conversely, where the subsequent complaint contains no new charges or is not based on new facts or information regarding the prior charges, the original complaint is not superseded. *State v. Lopez; cf. State v. Chacon; State v. Benally*. In magistrate court and metropolitan court cases, the six-month rule continues to run from the date the original complaint was filed or of the defendant's arrest, whichever occurs later. SCRA 1986, 6–506 (Repl.1988); 7–506. In this case, the second complaint contained charges identical to those contained in the initial complaint. The only difference in the complaints was the fact that some of the charges contained in the first complaint were not included in the second. There has been no claim that new facts or information formed the basis of the second complaint. Instead, the reason for the filing was the state's negligence in failing to prosecute the first complaint. After the first complaint was dismissed without prejudice because the state's witness did not appear for trial, the state refiled the charges. Under these circumstances, we believe the second complaint should relate back to the first for six-month rule purposes. The second complaint in this case was analogous to an amendment to an information which adds no new charges or facts, as discussed in *Chacon* and *Benally*. Therefore, it should have no effect on the running of the six-month rule.

We recognize that some of the language of prior New Mexico cases would not inevitably lead us to the result we have reached. *See, e.g., State v. Chacon* (stating that an

amended information vitiates the original as fully as though it had been formally dismissed by a court, indicating that a refiling after a dismissal might start the six-month rule running anew); *State v. Benally* (same). The reasoning of the cases, however, does dictate this result. We do not read the *Chacon* and *Benally* statements as holding that any dismissal by a court, for whatever reason, vitiates a complaint and allows the state to obtain another six months in which to try a defendant. The focus of these cases and the other cases we have cited requires a determination of whether there is any difference between the second complaint and the first, in either the charges brought or the facts underlying those charges. Treating cases differently depending on whether the court dismissed the complaint, even for failure to prosecute or similar negligence, would in effect reward the state for such negligence. The purpose of the six-month rule is to encourage the orderly and prompt disposition of criminal cases. *State v. Flores*, 99 N.M. 44, 653 P.2d 875 (1982). Analyzing cases on the basis of whether new facts or charges necessitate a new complaint, instead of on the basis of whether a fortuitous dismissal has occurred, refuses to reward negligence and comports with the purposes of the rule.

■ We hold that if no new facts or charges form the basis of a second complaint, that complaint has no effect on the running of the six-month rule. The effect of our holding in this case is that the six-month rule ran from October 2, the date the first complaint was filed, instead of December 19, the date of the second. While so holding, we note that under a speedy trial analysis, defendant was not in jeopardy during the period between the dismissal of the first complaint and the filing of the second. This period would not be counted for purposes of a speedy trial claim. *See State v. Kilpatrick*, 104 N.M. 441, 722 P.2d 692 (Ct.App.1986); *see also State v. Grissom*, 106 N.M. 555, 746 P.2d 661 (Ct.App.1987). II *ABA Standards for Criminal Justice* Standard 12–2.3(f) (2d ed., 1986 Supp.) appears to adopt such a tolling approach in cases similar to this

one. *See* Standard 12–2.3(f) (if case is dismissed on prosecutor's motion, period between dismissal and filing of new charges is not counted for purposes of six-month rule). While such an approach might be preferable to the approach available under our rules, the rules of criminal procedure do not at this time provide for such tolling.

### B. Dismissal of Charges

■ In determining whether to dismiss a case for violation of the six-month rule, a metropolitan court must decide whether the defendant was responsible for the failure to hold the trial in a timely fashion. R. 7–506(B). We note that the six-month period beginning October 2, 1986 expired on April 2, 1987. A trial setting just prior to the expiration of this period was vacated on defendant's motion for a continuance. Despite this, the district court dismissed the complaint. Given the subsequent history of the case, we hold that the court had the discretion to do so. The next trial setting, on May 21, was vacated because of the judge's absence, not because of any action taken by defendant. A new setting was not obtained until July 9, over a month later. Automatic tolling of the six-month rule during a delay caused by defendant's continuance is not required. *State v. Bishop*, 108 N.M. 105, 766 P.2d 1339 (Ct.App. 1988). Instead, the court's judgment is to be based on an analysis of all relevant factors. *Id.* In determining that the case should be dismissed, the court could have taken into account the vacation of the May 21 trial through no fault of defendant, and the failure to obtain a new setting for over a month. Under these circumstances, we cannot hold as a matter of law that the trial court erred in its implied determination that defendant was not responsible for the failure to hold the trial in a timely fashion.

### CONCLUSION

Based on the foregoing, we affirm the court's decision to run the six-month rule from the date of the first complaint and to

dismiss the complaint for violation of that rule.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.