872 P.2d 376

**STATE of New Mexico,
Plaintiff–Appellant,**

v.

**Sondra J. ALTHERR, Defendant–
Appellee.**

**No. 14682.**

Court of Appeals of New Mexico.

Feb. 8, 1994.

Certiorari Denied April 6, 1994.

Tom Udall, Atty. Gen., Max Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

*OPINION*

MINZNER, Chief Judge.

The State appeals an order dismissing an indictment with prejudice. The dismissal was based on a violation of SCRA 1986, 5–604 (Repl.1992) (the six-month rule). We reverse.

The facts are not disputed. Defendant was originally indicted for possession and conspiracy to commit possession of a con-

trolled substance, tampering with evidence, and possession of drug paraphernalia on April 24, 1991, in Bernalillo County Cause No. CR–91–0690.

The New Mexico legislature has provided a procedure for suspending a criminal proceeding during a defendant's participation in a preprosecution diversion program (PDP). *See* NMSA 1978, § 31–16A–6(B) (Repl. Pamp.1984). Pursuant to statute, after Defendant waived [1] her rights to a speedy trial and a trial under the six-month rule, she was diverted into a PDP. The statute provides that in these circumstances, "criminal proceedings against the defendant shall be suspended." *Id.* On October 8, 1991, the State dismissed the indictment by filing a nolle prosequi after Defendant had been accepted into a PDP.

NMSA 1978, Section 31–16A–7(B) (Repl. Pamp.1984) provides: "[i]f a defendant does not comply with the terms, conditions and requirements of a preprosecution diversion program, his participation in the program shall be terminated, and the district attorney may proceed with the suspended criminal prosecution of the defendant." On February 3, 1992, Defendant's participation in the PDP was terminated because she had violated the terms of the PDP contract. The Director of the PDP notified Defendant of the termination by certified letter on that date. However, the State failed to file a notice of the termination with the district court.

A grand jury reindicted Defendant on March 5, 1992, in Bernalillo County Cause No. CR–92–0419, on the same charges for which she had previously been indicted in Bernalillo County Cause No. CR–91–0690. On March 20, 1992, Defendant waived her arraignment on the charges in the second indictment (Cause No. CR–92–0419), and the district court released her on her own recognizance on March 23, 1992. After the district court set a September trial date, Defendant moved to dismiss the second indictment on the grounds that she had not been tried within six months of her termination from

the PDP. On November 30, 1992, the court granted Defendant's motion. A written order dismissing the indictment with prejudice was filed on March 11, 1993. The written order indicates that the district court adopted Defendant's analysis of the six-month rule and concluded that the rule required that trial commence on or before August 4, 1992, or six months after Defendant had been terminated from the PDP.

■ The Supreme Court six-month rule, SCRA 5–604(B), at Subsections 1 and 6, provides:

Time limits for commencement of trial. The trial of a criminal case or an habitual criminal proceeding shall be commenced six (6) months after whichever of the following events occurs latest:

(1) the date of arraignment, or waiver of arraignment, in the district court of any defendant;

. . . .

(6) if the defendant has been placed in a preprosecution diversion program, the date of the filing with the clerk of the district court of a notice of termination of a preprosecution diversion program for failure to comply with the terms, conditions or requirements of such program[.]

On appeal, the State argues that the district court erred in applying the six-month rule to these facts. The State contends that the six-month time period should be calculated from March 20, 1992, when Defendant waived arraignment on the second complaint. The State contends that the first indictment was dismissed for reasons other than delay or to circumvent the operation of the six-month rule, and that under *State ex rel. Delgado v. Stanley*, 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972), the second indictment began a new six-month period. The State's argument has a basis in the express terms of the Supreme Court rule, which indicates that the later of the two relevant events in this case commenced the six-month period within

---

**1.** The language of the waiver was as follows: Being fully advised by my attorney of all of my legal rights regarding these charges and with the knowledge that I am being placed upon

Pre–Prosecution Probation as a condition of that Pre–Prosecution Probation, I do hereby fully and voluntarily waive my right to both a speedy trial and a trial within six months.

which Defendant should be tried under the rule.

■ We are not persuaded that *Stanley* completely answers the issue raised by this appeal. "A nolle prosequi is a dismissal of criminal charges filed by the prosecutor, usually without prejudice." *State v. Ware,* 115 N.M. 339, 341, 850 P.2d 1042, 1044 (Ct.App.), *cert. denied,* 115 N.M. 228, 849 P.2d 371 (1993). Also, "a nolle prosequi is as final as any other dismissal with or without prejudice." *Id.* The State is invested with wide discretion to dismiss criminal charges and, absent an abuse of that discretion, its dismissal of a charge clearly terminates the proceedings against a defendant. *See id.* However, New Mexico courts are not willing to allow the filing of a nolle prosequi to determine the outcome of a six-month rule issue. *Id.* at 342, 850 P.2d at 1045; *State v. Ericksen,* 94 N.M. 128, 130, 607 P.2d 666, 668 (Ct.App.1980). Not every nolle prosequi starts the six-month clock anew. *Ware,* 115 N.M. at 342, 850 P.2d at 1045. Thus, we are not convinced that the Supreme Court rule plainly, or by its terms, requires reversal.

The district court concluded that on these facts, SCRA 5–604(B)(6), which refers to the procedure established by the legislature, controlled. The court reasoned that the Supreme Court did not intend that subsection "to be treated as surplusage or as an alternative to reindictment." At least two of our cases provide support for the district court's reasoning.

This Court recently held that when a defendant is terminated from a PDP, the six-month period commences from the State's mailing of a notice of termination to the defendant, even if the notice is never filed in the district court. *State v. Hastings,* 116 N.M. 344, 348–49, 862 P.2d 452, 456–57 (Ct. App.), *cert. denied,* 116 N.M. 364, 862 P.2d 1223 (1993). If the same rule is applied to this case, the six-month period commenced from the date Defendant was terminated from the PDP, and trial should have commenced on or before August 4.

Further, we have held that a second complaint, not based on new facts or information not containing new charges, does not supersede the first complaint and does not start a new six-month period for purposes of the six-month rule. *State v. Lucero,* 108 N.M. 548, 551, 775 P.2d 750, 753 (Ct.App.), *cert. denied,* 108 N.M. 433, 773 P.2d 1240, *and writ quashed,* 108 N.M. 582, 775 P.2d 1299 (1989). The filing of the second complaint in this case was not prompted by new facts or new information, nor does it contain new charges. Thus, the district court had a basis for concluding that under our cases the second complaint was simply a continuation of the original indictment and did not begin a new six-month period.

Consequently, the facts of the present case require us to determine whether *Hastings* and *Lucero* are distinguishable, as well as which provision of SCRA 5–604(B) controls. In making that determination, we look to the terms and purposes of the statute establishing the PDP, as well as the terms and purposes of the Supreme Court rule.

■ The Preprosecution Diversion Act, NMSA 1978, §§ 31–16A–1 to –8 (Repl. Pamp.1984), does not preclude the State from dismissing a criminal indictment when a defendant has been accepted into a PDP. In characterizing the prosecution of a defendant as "suspended," the legislature has indicated that diversion interrupts the original proceeding. However, it is not clear that the legislature meant to preclude dismissal of the indictment as a method of implementing the legislative intent. Nor do we think the State is required to file a criminal charge, indictment, or information against a defendant as a prerequisite to admitting an individual into a PDP. Nothing in the statute dictates such a result, and it would be inconsistent with current practice.

Preprosecution diversion has traditionally been carried out in three different ways: (1) a potential defendant may be accepted into a PDP prior to the filing of a complaint, indictment, or criminal information; (2) a defendant may be admitted into the PDP and prosecution of any pending charges suspended without dismissal of such charges during a defendant's satisfactory participation in the PDP; or, alternatively, (3) a defendant may be placed in a PDP and any pending criminal charges dismissed, subject to such charges

being refiled if a defendant is terminated from the PDP. In some instances, then, an individual who has been arrested may be admitted into a PDP without having been formally charged. The State's argument in effect asks us to recognize another analogous option: the State argued that it has, under the statute, an option either to suspend the first proceeding or to dismiss the first indictment. Such an option would allow the State greater flexibility in dealing with those who participate in a PDP. Thus, we think the State's argument is supported by public policy in that it serves the purposes of the PDP. The remaining question is whether the argument is consistent with the rule's purposes.

The purpose of SCRA 5–604 is to require that a defendant who has been charged with a criminal offense be promptly brought to trial. *See State v. Mendoza*, 108 N.M. 446, 448, 774 P.2d 440, 442 (1989); *cf. State v. Flores*, 99 N.M. 44, 46, 653 P.2d 875, 877 (1982) (construing prior rule of criminal procedure). SCRA 5–604(B)(6) presupposes, however, that a criminal charge or charges are pending against a defendant during the period of the defendant's participation in the PDP. If the State chooses not to file charges, SCRA 5–604 would not be applicable. We are reluctant to deny the State the authority to persuade a defendant or to allow a defendant to enter a PDP by agreeing to dismiss charges while he or she is involved in the program, and, under those circumstances, we see no reason not to treat the proceedings as terminated, rather than suspended. That approach seems to be a common-sense result, as well as one that permits the parties to reach an agreement of mutual benefit. There are two Supreme Court cases that support this approach.

In *Mendoza*, our Supreme Court noted that SCRA 5–604(B) should not be technically applied to effect dismissal of criminal charges, and the rule is to be read with common sense. *Id.* at 448, 774 P.2d at 442. The Supreme Court held then that the six-month period for bringing a defendant to trial was suspended following a stay to determine the defendant's competency to stand trial. *Id.* at 449, 774 P.2d at 443. The Court noted that the trial court had ordered sus-

pension of the proceedings, and both parties had agreed. *Id.* The Court indicated that "suspension or stay of the proceedings contemplated a suspension of Rule 5–604 with recommencement of the six months upon the lifting of the stay." *Id.*

In a later case, *State v. Sanchez*, 109 N.M. 313, 316, 785 P.2d 224, 227 (1989), the Supreme Court held that a defendant expressed his implied consent to continue the date for trial by signing a plea agreement, knowing that the hearing on the agreement was set at a date beyond the period allowed by the rule. In *Sanchez*, the Court held that "the six-month period simply does not apply during a time in which one of the circumstances contemplated by the rule is in effect. When such a circumstance is no longer in effect, then a new six-month period in its entirety applies." *Id.*

Both of these cases provide some additional support for Defendant's position that a new six-month period began when she was terminated from the PDP. *See also Hastings*, 116 N.M. at 348–49, 862 P.2d at 456–57. That is, the Court indicated that a new six-month period began at a point when the reason for suspending the proceedings ceased to exist. However, in both cases the Court also stressed that both parties to the proceedings had agreed to the suspension. *See Sanchez*, 109 N.M. at 317, 785 P.2d at 228; *Mendoza*, 108 N.M. at 449, 774 P.2d at 443. In addition, in neither of these cases nor in *Hastings* had the charges been dropped.

In this case, also, Defendant waived her right to a trial within six months. We recognize that the waiver is not specific and fails to state the event from which Defendant believed the rule would be measured. We do not hold that Defendant waived all of her rights under the six-month rule. Rather, we believe that the State correctly argues it was entitled to the benefit of SCRA 5–604(B)(1). We also believe that *Lucero* is distinguishable because it did not involve a preprosecution diversion, and that facilitating the success of a diversion provides a basis for permitting the option for which the State has argued.

We conclude that the district court erred in suggesting that the State's argument was contrary to the Supreme Court's intent in enacting SCRA 5–604(B)(6). Although the district court was persuaded that the charges in the second indictment were a continuation of the original proceedings, which were suspended by placing Defendant in the PDP pursuant to Section 31–16A–7(A), the State should be allowed the option of dismissing the indictment. *Stanley* provides protection against an abuse of the option. *See id.* at 627, 495 P.2d at 1074. Here, there is no evidence that the dismissal of the initial indictment and Defendant's later reindictment were carried out for purposes of delay or an attempt to circumvent SCRA 5–604(B)(6). Instead, the record shows that the State acted in good faith and dismissed the initial indictment when Defendant was accepted into the PDP. Therefore, SCRA 5–604(B)(1) applies. Consequently, we reverse the district court's dismissal of the indictment and remand for reinstatement of the charges against Defendant.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.