900 P.2d 963

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Daniel COBURN, Defendant–Appellee.**

No. 15783.

Court of Appeals of New Mexico.

May 25, 1995.

Certiorari Denied July 12, 1995.

Tom Udall, Atty. Gen., Joel Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

George A. Harrison, Jonathan J. Lord, Farmington, for defendant-appellee.

### *OPINION*

FLORES, Judge.

The State appeals from a district court order dismissing the case with prejudice pursuant to SCRA 1986, 5–604(D) (Repl.1992). The State raises several issues on appeal; however, we combine them and consider whether the failure to timely arraign Defendant permits dismissal of the charges if Defendant is not brought to trial within six months from the latest date that arraignment should have taken place. We conclude that this justification for dismissal, standing alone, is contrary to the plain meaning of the six-month rule and Defendant has not made a showing of prejudice that would justify dismissal. Accordingly, we reverse.

### *BACKGROUND*

Defendant was charged by criminal information filed on July 15, 1993, with one count of trafficking cocaine. The case was initially assigned to Judge Byron Caton. On July 26, 1993, the case was reassigned to Judge Paul Onuska with whom unrelated charges were pending against Defendant. A notice of arraignment had been sent to Defendant informing him that he would be arraigned on August 5, 1993. However, as a result of the reassignment, Defendant was not arraigned on that date.

Defendant, on July 23, 1993, had filed a motion to reduce bail. A hearing on Defendant's motion was held before Judge Onuska on July 28, just two days after reassignment. Defendant was informed that the trafficking charge was reassigned because other trafficking charges against Defendant were pending before Judge Onuska. Defendant was not, however, asked to enter a plea. Defendant's motion to reduce bail was denied, although he eventually was able to post bond on September 14, 1993, after being incarcerated for seventy-seven days on the trafficking charge.

On November 15, 1993, Defendant was formally arraigned on the trafficking charge. Shortly thereafter, Defendant's attorney withdrew from the case and his replacement subsequently withdrew as well on December 21, 1993. On December 30, 1993, Judge Onuska signed a notice indicating that the six-month rule on the trafficking charge would run on May 14, 1994. Defendant, who was now being represented by his third attorney, made no objection to the May 14 date. However, on March 18, 1994, a private attorney retained by Defendant filed a motion for substitution of counsel, and raised for the first time the claim that the six-month rule had run. Following the district court's order allowing substitution of counsel, Defendant filed a motion to dismiss. Defendant argued that the four-month delay in arraigning him was presumptively prejudicial because it had the effect of circumventing the six-month rule. The district court made the following findings:

6. A delay of over fifteen days between filing of an [i]nformation and arraignment ... is contrary to SCRA 1986, 5–604(A) (Repl.1992).

7. Defendant was prejudiced by the State's failure to arraign him in a timely manner.

8. The State's failure to arraign Defendant within the fifteen day time period of Rule 5–604(A) circumvented the six-month rule of [SCRA 1986, 5–604(B) (Repl.1992)].

9. Pursuant to the reasoning of *State v. Lucero,* 108 N.M. 548, 775 P.2d 750 (Ct. App.1989), the failure of the State to timely arraign Defendant will not prevent the starting of the six-month rule for the four months between the filing of the [i]nformation and Defendant's arraignment.

10. The six-month time limit to try Defendant is therefore deemed to have began to run on July 30, 1993, fifteen days after the State filed its criminal [i]nformation.

Because the six-month period had expired under the district court's calculation, the trafficking charge was dismissed with prejudice. It is from this order of dismissal that the State appeals.

## DISCUSSION

■ Pursuant to SCRA 1986, 5–604(A) (Repl.1992), a defendant "shall be arraigned on the information or indictment within fifteen (15) days after the date of the filing of the information or indictment or the date of arrest, whichever is later." The purpose of arraignment is to inform the defendant of the charges and to give the defendant an opportunity to enter a plea. *See State v. Budau,* 86 N.M. 21, 23, 518 P.2d 1225, 1227 (Ct.App. 1973), *cert. denied,* 86 N.M. 5, 518 P.2d 1209 (1974). SCRA 1986, 5–604(B) (Repl.1992) requires in part that "[t]he trial of a criminal case ... shall be commenced six (6) months after whichever of the following events occurs latest: (1) the date of arraignment...." The purpose of the six-month rule is "'to assure the prompt trial and disposition of criminal cases' and is not to be technically applied 'to effect dismissals.'" *State v. Mendoza,* 108 N.M. 446, 448, 774 P.2d 440, 442 (1989) (quoting *State v. Flores,* 99 N.M. 44, 46, 653 P.2d 875, 877 (1982)). The arguments on appeal focus on the interplay between these two rules.

■ The State argues that the plain language of SCRA 5–604(B) requires that the six-month rule commence on the date of arraignment, November 15, 1993. The State further argues that the district court had no authority to read into the rule a requirement beyond the list of triggering events enumerated in the rule unless the prosecution has intentionally manipulated one of those events in an improper attempt to "circumvent" the six-month deadline.

Defendant concedes that a technical violation of the fifteen-day arraignment period under SCRA 5–604(A) will not justify dismissal in the absence of a showing of prejudice. *See Budau,* 86 N.M. at 23, 518 P.2d at 1227. The essence of Defendant's argument, however, is that the requisite showing of prejudice is established where the effect of the failure to timely arraign a defendant is to push the six-month period for trial beyond that which would otherwise occur. Defendant argues that the remedy fashioned by the district court, to begin the six-month period at the last date Defendant could have been timely arraigned, comports with our case law proscribing attempts to circumvent the six-month rule.

We believe the State has the sounder approach. As framed by the parties, there are two ways to look at the authority underlying the district court's dismissal. First, we consider whether there was an impermissible "circumvention" of the six-month rule. There is no dispute that under the plain language of SCRA 5–604(B), the six-month rule was technically triggered on November 15, 1993, the date of Defendant's arraignment. We have previously read into the rule, however, a prohibition against using the triggering events for the sole purpose of getting a de facto extension of time. In *State v. Lucero,* 108 N.M. 548, 775 P.2d 750 (Ct.App.), *cert. denied,* 108 N.M. 433, 773 P.2d 1240 *and cert. quashed,* 108 N.M. 582, 775 P.2d 1299 (1989), we concluded that the metropolitan court counterpart to SCRA 5–604(B) did not run the six-month period anew from a new complaint that added no new charges or facts to the first complaint, which had been dismissed without prejudice for failure to prosecute. *Id.* at 551, 775 P.2d at 753. Conversely, a common sense approach to interpreting the rule has also allowed the six-month period to begin anew notwithstanding an expiration of the deadline under a literal application of the rule. *See State v.*

*Sanchez,* 109 N.M. 313, 316–17, 785 P.2d 224, 227–28 (1989) (plea negotiations); *Mendoza,* 108 N.M. at 448–49, 774 P.2d at 442–43 (mutually pursued mental exam to determine competency); *State v. Altherr,* 117 N.M. 403, 406, 872 P.2d 376, 379 (Ct.App.) (preprosecution diversion program), *cert. denied,* 117 N.M. 524, 873 P.2d 270 (1994).

■ Our review of these cases shows that a literal application of SCRA 5–604(B) will be set aside only when there is an event extending pretrial activity to the mutual benefit of the parties, or where there is an attempt by the State to circumvent the rule without justification. Here, we are only concerned with whether there was evidence that the State sought a late arraignment for its unilateral benefit—in other words, whether it intentionally delayed arraignment to extend the six-month period. Because Defendant does not allege that the State intentionally sought to have the arraignment delayed, we see no reason to set aside the literal application of the rule. The late arraignment was due to the district court's arraignment schedule, and further extended as a result of the reassignment of this case to a different judge within the district. Under these circumstances, we conclude that the six-month rule began to run on November 15, 1993. We reject Defendant's contention that the State should be punished for negligently allowing an untimely arraignment. *Cf. Zurla v. State,* 109 N.M. 640, 644, 789 P.2d 588, 592 (1990) (State bears burden to timely bring defendant to trial). We believe Defendant's concerns should be directed to a speedy trial constitutional claim where the literal requirements of the rule have been satisfied and the delay cannot be attributed to the intent of the State to circumvent the rule.

■ We next consider whether dismissal was an appropriate sanction for violating the fifteen-day arraignment deadline set forth in SCRA 5–604(A). As noted above, dismissal for violating the deadline is only appropriate when a defendant can show prejudice. *Budau,* 86 N.M. at 23, 518 P.2d at 1227. Defendant argues that he was prejudiced in two ways. First, Defendant contends that he was confined for seventy-seven days without being informed of the charges against him. However, Defendant's failure to make bail for this period had nothing to do with the failure to timely arraign him. Defendant sought to have his bail reduced and the request was denied. At the hearing on Defendant's motion to reduce bail, Defendant was informed that the trafficking charge was reassigned because other trafficking charges against Defendant were pending before Judge Onuska. This hearing took place within the fifteen-day arraignment deadline. Therefore, the only part of the arraignment process that did not take place at that time was the formal inquiry into Defendant's plea. Defendant does not contend, however, that there was any dispute that he would plead not guilty. In short, there was nothing unfair that resulted from the failure to timely arraign Defendant. He was advised of the pending charge, he had an attorney to represent him, and his ability to defend himself was not diminished in any way.

■ Second, Defendant argues that he was prejudiced by the delay in triggering the six-month rule. As we noted above, however, delay, standing alone, will not justify dismissal in the absence of a showing that the State intentionally tried to circumvent the six-month rule. In the context of a technical violation of SCRA 5–604(A), delay may satisfy the prejudice requirement if it results in the diminished ability to defend oneself or extends the period of incarceration. Because neither situation existed here, there was no justification for dismissal as a result of the failure to timely arraign Defendant.

## CONCLUSION

For the reasons discussed above, we reverse the district court's order of dismissal.

**IT IS SO ORDERED.**

ALARID and HARTZ, JJ., concur.