923 P.2d 1183

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Lavada MAYFIELD, Defendant–Appellee.**

**No. 16299.**

Court of Appeals of New Mexico.

Aug. 1, 1996.

Certiorari Denied Sept. 12, 1996.

Tom Udall, Attorney General, Daniel F. Haft, Assistant Attorney General, Santa Fe, for Plaintiff–Appellant.

T. Glenn Ellington, Chief Public Defender, Bruce Rogoff, Appellate Defender, Santa Fe, for Defendant–Appellee.

## OPINION

DONNELLY, Judge.

1. In this case we address an aspect of NMRA 1996, 5–604 and the propriety of the district court's dismissal of drug charges filed against Defendant based on the State's asserted six-month rule violation. For the reasons discussed herein, we reverse the order dismissing the indictment.

## FACTS AND PROCEDURAL BACKGROUND

2. Defendant was indicted on October 22, 1993, on two counts of trafficking cocaine, contrary to NMSA 1978, Section 30–31–20(A)(2) (Cum.Supp.1996). On November 16, 1993, Defendant moved to dismiss the indictment, claiming that the prosecutor back-dated the "true bill" with the signature of a jury foreman who was not present at the grand jury proceedings which culminated in Defendant's indictment. Thereafter, the State filed a nolle prosequi on December 2, 1993. *See State v. Ware*, 115 N.M. 339, 341, 850 P.2d 1042, 1044 (Ct.App.) ("A nolle prosequi is a dismissal of criminal charges filed by the prosecutor, usually without prejudice."), *cert. denied*, 115 N.M. 228, 849 P.2d 371 (1993).

3. A second indictment involving the same charges was filed on February 4, 1994, in a new case. Defendant was arraigned on February 18, 1994, and the six-month deadline for commencing trial on the second indictment was August 18, 1994. *See* NMRA 5–604(B)(1). Trial was scheduled to commence on August 16, 1994.

4. On July 22, 1994, Defendant filed a motion to dismiss the new indictment, arguing that the six-month period within which to begin trial should have commenced to run on November 5, 1993, when she was arraigned on the first indictment, and that the six-month deadline for beginning trial thereon should have been determined to have expired on May 6, 1994. The district court denied the motion on August 12, 1994, but certified the matter for interlocutory appeal. Defendant filed her application for interlocutory appeal on August 22, 1994. This Court denied Defendant's application for interlocutory appeal on September 12, 1994, and mandate was filed on October 14, 1994.

5. After the issuance of this Court's mandate, Defendant filed another motion in the district court, seeking dismissal of the new indictment or, alternatively, requesting that the office of the Second Judicial District Attorney be disqualified from prosecuting this case. Defendant, among other things, ar-

gued that the parties had stipulated to an extension of time on August 16, 1994, to permit her to pursue an interlocutory appeal, but that the State erroneously filed the petition for extension of time and stipulation in the closed case file relating to the first indictment, and thus the extension request was never presented to the district judge designated to consider such request. As a result, Defendant argued the time for commencement of the trial had expired and dismissal was required. Prior to the hearing on Defendant's motion, the district court granted the State's motion to transfer the August 16, 1994, petition and stipulation to the right case file.

6. Following a hearing, the district court entered an order dismissing the second indictment on the ground that the six-month rule expired on August 18, 1994. The order was accompanied by a second order filed the same day by another district judge, who denied the August 16, 1994, stipulated request for an extension.

### ANALYSIS

*Was the Six–Month Time Requirement Tolled?*

7. On appeal, the State argues that NMRA 5–604(B)(4) does not require that it obtain an extension beyond the August 18, 1994, deadline because prior to this date the district court certified the question for interlocutory appeal and it was undisputed that Defendant intended to pursue an interlocutory appeal, thereby suspending the proceedings under our case law. The State further argues that under the plain language of NMRA 5–604(B)(4), the six-month period within which to commence trial began anew when this Court's mandate was issued on October 14, 1994. In response, Defendant has abandoned the argument that the State was required to obtain an extension before the August 18, 1994, deadline. Instead, she maintains that we should affirm under a "right for the wrong reason" rationale by recognizing a "tolling" provision for six-month rule interlocutory appeals. She ar-

gues that there were six days remaining under the original six-month trial deadline, when the district court certified the matter for interlocutory appeal. Under Defendant's theory, the State had only six days remaining within which to commence Defendant's trial after the issuance of this Court's mandate and that the time for commencing trial ran out on October 18, 1994. We disagree.

8. NMRA 5–604(B)(4), promulgated by our Supreme Court, provides:

**Time limits for commencement of trial.** The trial of a criminal case or an habitual criminal proceeding shall be commenced six (6) months after whichever of the following events occurs latest:

. . . . .

(4) in the event of an appeal, including interlocutory appeals, the date the mandate or order is filed in the district court disposing of the appeal.

9. Under NMRA 5–604(B)(4), the State had an additional six months to commence trial after the mandate was issued by this Court. *See State v. Eden,* 108 N.M. 737, 742, 779 P.2d 114, 119 (Ct.App.) (denial of application for interlocutory appeal and issuance of appellate court mandate activates "new six-month period [within] which to commence trial"), *cert. denied,* 108 N.M. 681, 777 P.2d 1325 (1989). In *State v. Coburn,* 120 N.M. 214, 217, 900 P.2d 963, 966 (Ct.App.), *cert. denied,* 120 N.M. 68, 898 P.2d 120 (1995), we observed that a literal application of the six-month rule "will be set aside only when there is an event extending pretrial activity to the mutual benefit of the parties, or where there is an attempt by the State to circumvent the rule without justification." Applying a common-sense interpretation to the rule in question, we conclude that the filing of the interlocutory appeal by Defendant on August 22, 1994, interrupted the running of the six-month rule, and the six-month time period was triggered anew on October 14, 1994, when the Court of Appeals' mandate disposing of Defendant's interlocutory appeal was filed in the district court. NMRA 5–

604(B)(4); *see also State v. Sanchez,* 109 N.M. 313, 316–17, 785 P.2d 224, 227–28 (1989) (holding six-month rule suspended based on parties' agreement that proceedings be held in abeyance pending ruling by court on plea bargain); *State v. Mendoza,* 108 N.M. 446, 448–49, 774 P.2d 440, 442–43 (1989) (six-month time period suspended during period parties mutually pursued mental exam to determine the defendant's competency); *State v. Flores,* 99 N.M. 44, 46, 653 P.2d 875, 877 (1982) (under former rule, failure of the defendant to appear at court hearing resulting in issuance of bench warrant for his arrest interrupted running of six-month rule); *State v. Altherr,* 117 N.M. 403, 406, 872 P.2d 376, 379 (Ct.App.) (six-month rule suspended during the defendant's participation in preprosecution diversion program), *cert. denied,* 117 N.M. 524, 873 P.2d 270 (1994). Thus, it was not necessary for the State to obtain an extension beyond August 18, 1994.

10. The State correctly points out that none of the cases relied upon by Defendant has recognized a "tolling" provision in the rule that would limit the State to the balance of the preexisting six-month period. Our Supreme Court in *Sanchez* addressed a similar argument and rejected any such interpretation of the six-month rule. *Sanchez,* 109 N.M. at 316–17, 785 P.2d at 227–28; *see also State v. Hastings,* 116 N.M. 344, 348–49, 862 P.2d 452, 456–57 (Ct.App.), *cert. denied,* 116 N.M. 364, 862 P.2d 1223 (1993).

11. In *Sanchez,* 109 N.M. at 316, 785 P.2d at 227, Chief Justice Sosa, speaking for the Court, stated:

> Here, ... the six-month provision of the rule is not interrupted and then recommenced. Instead, the six-month period simply does not apply during a time in which one of the circumstances contemplated by the rule is in effect. When such a circumstance is no longer in effect, then a new six-month period in its entirety applies.

12. Defendant argues that permitting the six-month period to start anew under the circumstances existing here, in effect grants the State a windfall from errors committed by the prosecutor; that *Sanchez* is distinguishable on its facts from the present case; and that the equities of this case compel a different result. First, permitting the six-month period to begin after the filing of the mandate does not necessarily grant the State a windfall from its errors. A defendant who has a meritorious six-month rule claim will obtain interlocutory relief. Second, we do not interpret the decision in *Sanchez* to be limited to the facts therein. Instead, we conclude that our Supreme Court's rejection in *Sanchez* of language in prior case law referring to "tolling" indicated an intent to enunciate a broad legal interpretation of the rule. *Id.,* 109 N.M. at 316, 785 P.2d at 227. Thus, a defendant who seeks interlocutory relief, if unsuccessful, activates the provisions of NMRA 5–604(B)(4), thereby beginning the six-month period anew. Although we agree with Defendant that she should not suffer further delay, when delay is the focus of her request for interlocutory relief, this Court in *Coburn,* 120 N.M. at 217, 900 P.2d at 966, noted that concerns of this nature are more appropriately addressed under a constitutional speedy-trial claim. Third, we disagree that the equities compel a different result. For example, under Defendant's interpretation, the State would have only six days to prepare for trial after the denial of the interlocutory appeal.

13. Finally, Defendant argues that this Court should affirm the district court's order of dismissal by addressing the merits of the issue raised in her interlocutory appeal involving allegations of prosecutorial misconduct. We disagree. A party must show that the State filed a nolle prosequi to circumvent the rule, as opposed to simply remedying defects underlying the original indictment. Here, the record before us is devoid of any finding by the district court indicating that the motivation underlying the State's filing of the nolle prosequi was a desire to circumvent the six-month rule. *Coburn,* 120 N.M. at 217, 900 P.2d at 966 ("[D]elay, standing alone, will not justify dismissal in the absence

of a showing that the State intentionally tried to circumvent the six-month rule.").

## CONCLUSION

14. The order dismissing the indictment is vacated and the cause is remanded for further proceedings consistent herewith.

15. IT IS SO ORDERED.

APODACA, C.J., and HARTZ, J., concur.