**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                      **NO. 28,989**

**JOSEPH NIETO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellant

Brooke Gamble
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

The State appeals the dismissal of the charges against Defendant for violation of the six-month rule.  In our notice, we proposed to affirm the district court.  The

State has timely responded. We are not persuaded by its arguments, and we therefore affirm.

This is a case where the Defendant was initially charged in magistrate court, but he was never brought to trial there. Instead, the charges were dismissed in magistrate court and refiled in district court. Upon Defendant's motion to dismiss for violation of the six-month rule, the district court concluded that the prosecutor's dismissal and refiling were done for the purpose of circumventing the six-month rule. In our notice, we proposed to conclude that the district court could have determined that the State did not have a good reason for the dismissal and refiling.

The State has responded that, in fact, the prosecutor had proper reasons for the dismissal and refiling. It argues that the State met its burden of demonstrating that its actions were not done for bad reasons or an improper purpose. The State argues that the prosecutor had three reasons for dismissing and refiling.

First, defense counsel had indicated that an appeal would be filed if Defendant lost. The prosecutor felt that refiling would conserve prosecutorial and judicial resources. We recognize that we have approved the practice of filing cases in district court where it is known that the defendant would appeal de novo to district court. *State v. Ahasteen*, 1990-NMCA-158, ¶¶ 23-24, 126 N.M. 238, 968 P.2d 328. However, since then we have decided a number of cases where a decision by a

defendant that might affect prosecutorial or judicial resources does not provide a good reason for refiling in district court and restarting the six-month rule. *See State v. Yates*, 2008-NMCA-129, ¶¶ 1, 11, 144 N.M. 859, 192 P.3d 1236 (demanding a jury trial), *cert. granted*, *State v. Savedra*, 2008-NMCERT-009, ___ N.M. ___, 196 P.3d 489; *State v. Carreon*, 2006-NMCA-145, ¶ 10, 140 N.M. 779, 149 P.2d 95 (failing to plead). A wish to preserve resources alone does not give the State a good reason to dismiss and refile charges.

Second, the State asserts that it was unprepared for trial because of the late disclosure of defense witnesses. It argues that it had only seven days to interview those witnesses, while Defendant had three months to interview the State's witnesses. The State asserts that it should have been allowed more time. We know of no authority that requires an equal amount of time be provided to each side to investigate the other's witnesses. In fact, the rule requires discovery to be made no less than ten days before trial. Rule 6-504 NMRA. Thus, we must assume that ten days is sufficient.

We recognize that the State was provided with Defendant's discovery only seven days before trial, but that does not appear to be the reason for the prosecutor being unprepared for trial. Rather, it appears that the prosecutor told defense counsel at the time that she called him about her late discovery that he was unprepared for trial

3

and offered a plea. [RP 14] The State contends that the prosecutor never said that. [MIO 4] However, it is not for this Court to determine the veracity of certain statements. That is for the district court to determine. *See State v. Bolton*, 1997-NMCA-007, ¶ 13, 122 N.M. 831, 932 P.2d 1075 (stating that we review the district court's determination regarding questions of historical fact with the deference of the substantial evidence standard and that questions of historical fact include questions regarding "what really motivated the prosecutor in dismissing the case and whether his actions were taken in subjective good faith"). We assume, in light of the district court's decision, that it believed defense counsel's version of the facts leading up to the prosecutor's dismissal of the charges and refiling.

Third, the State asserts that there was newly discovered evidence that would support a dismissal and refiling, with a restarted six-month rule. We agree that newly discovered evidence may provide a good reason for dismissal and refiling of charges. However, our cases indicate that when charges are refiled, the newly discovered evidence forms the basis for the new complaint. *See State ex rel. Delgado v. Stanley*, 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972); *State v. Lucero*, 108 N.M. 548, 550, 775 P.2d 750, 752 (Ct. App. 1989). That is not the case here. Instead, the newly discovered evidence was evidence that would contradict defense witnesses. We are not convinced that there was newly discovered evidence here that supported the

4

refiled complaint, thus requiring further time for further investigation.

Contrary to the State's assertions in its memorandum in opposition, we believe that there was sufficient evidence from which the district court could have concluded that the prosecutor was unprepared for trial and that that was the reason for his dismissal of the charges in magistrate court and refiling in district court. The district court could have discounted the claim of preservation of resources and newly discovered evidence as reasons for the dismissal.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**