This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                    **NO. 32,684**

**ALEJANDRO OLIVAS-JAQUEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Defendant appeals from the district court's judgment and sentence, entered pursuant to a conditional plea, convicting him for fraudulently obtaining a controlled substance. Defendant challenges the district court's denial of his motion to dismiss. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. We remain unpersuaded by Defendant's arguments and affirm.

{2}    On appeal, Defendant argues that the district court should have granted his motion to dismiss for the violation of his right to a speedy trial and for the failure to timely arraign him under Rule 5-303(A) NMRA. [DS 3-4; MIO 4-8] Our notice proposed to reject Defendant's speedy trial claim because the five-month length of delay did not trigger the need for constitutional inquiry into the *Barker* factors. *See State v. Garza*, 2009-NMSC-038, ¶¶ 2, 48, 146 N.M. 499, 212 P.3d 387. [RP 1, 76-79] In response to our notice, Defendant does not dispute this proposed analysis, but clarifies that his argument focuses on his untimely arraignment under Rule 5-303(A) and not the traditional speedy trial analysis. [MIO 5]

{3}    With respect to Defendant's arraignment, our notice proposed to hold that Defendant had not shown the prejudice required for dismissal based on an untimely

arraignment. *See State v. Coburn*, 1995-NMCA-063, ¶¶ 10-11, 120 N.M. 214, 900 P.2d 963, (indicating that the prejudice required to be shown for violation of the arraignment deadline is some unfairness in the criminal proceeding that resulted from the failure to timely arraign) *superseded by rule on other grounds*, Rule 6-504 NMRA. Defendant does not allege that the failure to timely arraign him resulted in any particular unfairness in the process, during which he intended to plead guilty; rather, Defendant's claimed prejudice was a delay in his deportation and treatment for his back injury. [RP 49, 55-56; DS 2-3; MIO 7] Defendant does not refer us to any controlling authority, and we are not aware of any, that would support dismissal for a claim of prejudice that is of a such personal nature independent from the criminal proceedings. *See Coburn*, 1995-NMCA-016, ¶ 10 (indicating that prejudice is not shown where a defendant is "advised of the pending charge, he had an attorney to represent him, and his ability to defend himself was not diminished in any way"); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding that an appellate court will not consider an issue if no authority is cited in support of the issue; as absent cited authority to support an argument, we assume no such authority exists). We continue to believe that some other form of relief would have been appropriate to seek medical treatment while in custody.

{4}    For the reasons stated above and in our notice, we affirm the district court's denial of Defendant's motion to dismiss.

{5}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**