This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37136**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**SALEH BHAR,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

The Law Office of Scott M. Davidson, Ph.D., Esq.
Scott M. Davidson
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The metropolitan court dismissed the State's case against Defendant Saleh Bhar without prejudice, and the State sought to pursue charges against Defendant in the district court. The district court concluded that the State's approach to prosecuting the case was improper for various reasons and dismissed the case with prejudice. The State appeals. We reverse and remand for further proceedings.

**BACKGROUND**

**{2}** On August 2, 2017, the State filed a criminal complaint in metropolitan court charging Defendant with two counts of battery in violation of the Albuquerque, New Mexico, Code Section 12-2-2 (1974). After the metropolitan court granted three continuances at Defendant's request, the State dismissed the two initial charges without prejudice by nolle prosequi on November 7, 2017. In the nolle prosequi, the State expressed an intent to "amend and refile the case to add the charge of [b]attery [a]gainst [a h]ousehold [m]ember."

**{3}** On November 9, 2017, the State refiled the dismissed complaint in metropolitan court, charging Defendant with battery, in violation of NMSA 1978, § 30-3-4 (1963), and battery against a household member (BHM), in violation of NMSA 1978, § 30-3-15 (2008). On December 28, 2017, the metropolitan court dismissed the case without prejudice because the State had improperly added the BHM charge and because Defendant had never been arraigned on the new charges.

**{4}** On January 12, 2018, the State filed a pleading in district court titled Notice of Re-Filing of Dismissed Amended Criminal Complaint from Metropolitan Court for De Novo Trial. On January 16, 2018, the State filed a motion to set an arraignment and a status conference. Defense counsel filed an entry of appearance, a request for discovery, and a speedy trial demand on January 17, 2018. The State served the refiled complaint on defense counsel on January 18, 2018. The record contains no evidence that the State personally served Defendant with a summons and information, as Rule 5-209(A) NMRA requires, when the case was refiled in district court. On January 19, 2018, the State filed a criminal information charging Defendant with two counts of battery, in violation of Section 30-3-4, and one count of BHM in violation of Section 30-3-15.

**{5}** Following a status conference, the district court dismissed the case with prejudice. Its order included the following findings and reasoning:

> 1. This matter was improperly filed in the [d]istrict [c]ourt as State's Notice of Re-Filing of Dismissed Amended Criminal Complaint from Metropolitan Court for De Novo Trial. Because there was a Nolle Proseequi filed in [the case] and the State then refiled the case in [m]etropolitan [c]ourt to add [BHM c]harges, the [m]etropolitan [c]ourt case was a record case. A record case may not be filed in the [d]istrict [c]ourt for a trial de novo, pursuant to . . . Rule 5-827(J) [NMRA].

> 2. The State failed to provide notice of either the refiled case or the Information filed in this matter to . . . Defendant and failed to bring him before the [c]ourt for arraignment within ten days.

The State appeals.

**DISCUSSION**

**I.      Standard of Review.**

**{6}**      We review the district court's interpretation of procedural rules de novo. *State v. Stephen F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184. "The text of a statute or rule is the primary, essential source of its meaning." NMSA 1978, § 12-2A-19 (1997). We first examine "the plain language of the [rule], giving the words their ordinary meaning," unless there is an indication that a different meaning was intended. *N.M. Indus. Energy Consumers v. N.M. Pub. Regulation Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105. "[W]hen a [rule] contains language [that] is clear and unambiguous, we must give effect to that language and refrain from further . . . interpretation." *State v. Benally*, 2016-NMSC-010, ¶ 10, 368 P.3d 403 (internal quotation marks and citation omitted).

**II.      The District Court Erred by Concluding That Rule 5-827(J) Required Dismissal With Prejudice**

**{7}**      The State argues that the district court erred by dismissing the case with prejudice based on Rule 5-827(J) NMRA and that the district court should have allowed the State to proceed with refiled charges pursuant to Rule 5-604 NMRA. We agree.

**{8}**      The district court ruled that Rule 5-827(J) barred the State from filing for trial de novo in district court. Rule 5-827 governs appeals from metropolitan courts. Subsection A states, in pertinent part, that "[a] party who is aggrieved by the judgment or final order in a criminal action may appeal, as permitted by law, to the district court of the county within which the metropolitan court is located." Subsections (B), (C), and (D) describe the process for initiating an appeal, which involves filing and serving a notice of appeal. Subsection (J), on which the district court relied, states, "[e]xcept as otherwise provided by law for appeals involving driving while under the influence and domestic violence offenses, trials upon appeals from the metropolitan court to the district court shall be de novo." Nothing in subsection (J), any other subsection of Rule 5-827, or any other authority of which we are aware makes an appeal the exclusive mechanism for pursuing a prosecution after a dismissal without prejudice in metropolitan and magistrate courts, and nothing about the State's refiled pleading indicates it intended to appeal the metropolitan court dismissal.

**{9}**      The rules of criminal procedure provide for another mechanism when a case is dismissed *without prejudice*: refiling in the district court. Rule 5-604(A) governs "cases of concurrent trial jurisdiction originally filed in the magistrate, metropolitan, or municipal court that are subsequently dismissed and refiled in the district court[.]"[1] Rather than appeal the district court ruling, the State refiled its case against Defendant under Rule 5-604(A), which authorized refiling in district court because that court and the metropolitan court had concurrent trial jurisdiction over the misdemeanor charges

---

1 The law places various limits on refiling, including the speedy trial provisions in Rule 5-604(B). No speedy trial issue is before us.

against Defendant. *See* NMSA 1978, § 34-8A-3(A) (2001) (stating that metropolitan court has jurisdiction as provided by law for magistrate courts); *State v. Southworth*, 2002-NMCA-091, ¶ 54, 132 N.M. 615, 52 P.3d 987 ("[T]he district court and the magistrate court possess original, concurrent jurisdiction over misdemeanor cases, and the prosecutor has discretion to choose the court in which to bring a misdemeanor criminal action."). Beyond the requirement of concurrent jurisdiction, Rule 5-604 places no limitation on the types of cases that may be refiled in district court. It does not exclude domestic violence cases or other cases that, if appealed, would be reviewed on the record, rather than de novo, under Rule 5-827(J).

**{10}** We conclude that the State had the authority under Rule 5-604 to refile this case in the district court and that Rule 5-827, which governs appeals, did not prohibit refiling.

### III. Lack of Personal Service and Untimely Arraignment

**{11}** The failure to personally serve Defendant, which he contends deprived him of a timely arraignment, does not justify dismissal with prejudice on the record before us. Failure to timely arraign is not a sufficient basis for dismissal "in the absence of a showing of prejudice." *State v. Coburn*, 1995-NMCA-063, ¶ 7, 120 N.M. 214, 900 P.2d 963, *superseded by rule on other grounds,* Rule 5-604. Because the district court did not find that Defendant suffered prejudice, the record does not support affirmance.

### CONCLUSION

**{12}** We reverse and remand for further proceedings consistent with this opinion.[2]

**{13}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**

---

2 We decline the State's request to remand with instructions to hold a trial. Our opinion does not preclude the district court from determining whether Defendant suffered prejudice as a result of an untimely arraignment. Nor does it preclude the district court from considering speedy trial motions or other motions.